## The People's Fire Insurance Company *versus* Hartshorne and Company.

90      4
23 SC
23 SC  81
90      4
26 SC  2
90      4
29 SC  6

1. In a suit upon a premium note given in consideration of a policy of insurance, in a mutual insurance company, the defendants, to relieve themselves of liability thereon, alleged that the company was guilty of fraud in the manner of making its assessments, and offered evidence to show that assessments had been made largely in excess of the unpaid loans and losses of the company, and that defendants were assessed for losses which occurred prior to the date of the premium note, when defendants became members of the company. *Held,* that this evidence was properly admitted.

2. The plaintiff asked the court to instruct the jury, that their verdict should be for the interest due on the note, the assessments claimed and interest thereon from the time they were severally payable. The court refused, and instructed the jury that the liability of defendants must be determined by them from the evidence. *Held,* that this was not erroneous, but it may be rebutted by showing fraud, illegality or gross mistake in making the assessments. The onus of rebutting it is on the defendant and wide latitude should be allowed.

3. The insured of a mutual insurance company are not liable to pay losses or expenses that occurred prior to the date when they became members of said company.

June 4th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas, of *Lycoming county:* Of May Term 1879, No. 127.

In the court below, The Peoples' Fire Insurance Company of Pennsylvania, had filed a lien in the nature of a judgment against F. M. Hartshorne & Co., on a premium-note given in consideration of a policy of insurance. This judgment was opened and an issue directed, to try how much was due thereon from the defendants to the plaintiff. The defendants pleaded "*nil debet.*"

[Peoples' Fire Ins. Co. *v.* Hartshorne & Co.]

The plaintiff is a mutual insurance company, incorporated by Act of Assembly, March 9th 1843, and by a decree of the Court of Common Pleas of Cumberland county, made April 17th 1871, its name was changed to that which it at present bears. On the 4th of May 1869, F. M. Hartshorne and M. L. Clay, doing business as F. M. Hartshorne & Co., obtained an insurance in this company on a steam planing-mill and fixtures situated in the city of Williamsport, and in consideration thereof, signed and delivered to the company plaintiff a premium note for $2000, bearing interest at the rate of 5 per cent. the interest payable annually in advance, and the principal "at such times and by such instalments as the board of directors shall demand, and order pursuant to the act of incorporation and rules and regulations of the said company."

By the provisions of its charter, the company had the right to enter a lien in the nature of a judgment for the amount unpaid on any of its premium-notes and to issue an execution for so much as might be due thereon by reason of assessments or interest, on filing a memorandum of such notes and the amounts due thereon in the prothonotary's office of the county in which the insured property was situated. In pursuance of this right a lien was entered in the prothonotary's office of Lycoming county, on the premium-note given by Hartshorne & Co., and an execution issued to enforce the payment of their assessments, and the unpaid interest which had occurred on this note. On the application of the defendants, this execution was stayed and rules granted to show cause why the judgment should not be opened and to show cause why the judgment should not be stricken off. After argument on these rules in the court below both were made absolute. A writ of error was taken to the decree of the court making these rules absolute, and the Supreme Court reversed the decree (see report of case 3 Norris 453) making absolute the rule to strike off the judgment, allowing the decree to open the judgment to stand. The record was remitted to the court below, and an issue was then formed to try how much was due from the defendants to the plaintiff upon the judgment.

When the plaintiff filed its lien, there was appended thereto, a certificate, setting forth that certain amounts were due on assessments made on the premium-note of defendants. These assessments were two in number, one of 10 per cent., made on May 13th 1872, and one of 20 per cent. made on January 18th 1873. There was also an item of $270 interest claimed on deposit note and interest on the two assessments from December 18th 1873, forty-five dollars.

At the trial before Mayer, P. J., the defendants proposed to prove by a witness, that he had been connected with the Peoples' Fire Insurance Company and the Cumberland Mutual Fire

Insurance Company, for some thirty years; that he became the secretary of the company in 1851, and continued to be secretary until the assignment was made for the benefit of the creditors, on the 5th of March 1873; that this company made assessments upon the 13th of May 1872 and January 18th 1873; that these assessments were for loans contracted prior to the 14th of May 1869, the date of premium-note given by F. M. Hartshorne to this company; that said loans amounted in the aggregate to $40,000, all of which were contracted prior to the premium-note given. They also propose to prove that in the year 1869, this company made an assessment of $18,653.05, and on the 23d of February 1871, an assessment of $46,787.40, and on the 13th of May 1872, an assessment of $48,345, and on the 18th of January 1873, an assessment of $97,540, making a total assessment of $211,326.05. That the total amount of loans and losses due by the company prior to January 18th 1873, including loans made as far back as 1865, was but $87,345.99, showing that there was an excess of assessments of $123,981.06 over the total unpaid loans and losses.

. This offer was to show, first, that the defendants in this case were not liable for the loans contracted prior to the 14th of May 1869, the date of their premium-note.

Second, that the company was guilty of fraud in levying so large an assessment to pay so small an amount of loans and losses.

Plaintiff objected to that portion of the offer in regard to the assessment made for the year 1869. Also, to any testimony relative to any assessments other than the two in issue, no matter whether prior or subsequent; that any testimony with regard to any other assessments except those in suit in this case, was clearly irrelevant.

The court overruled the objection and admitted the evidence.

Defendants also proposed to show, that statements were issued by the company, sent to the different members thereof, and that they show the amount of the loans and losses that these assessments were levied to pay. This for the purpose of showing that all the losses, amounting to $41,000, were made prior to the time that Mr. Hartshorne became a member of the company.

Plaintiff objected, that the testimony in the case, is that this note was not assessed for anything that occurred prior to that date, and that these statements do not prove, that the assessment was made on this note for the purpose of covering anything prior to the date of the note.

Objection overruled and evidence admitted.

The plaintiff submitted the following point, to which is appended the answer of the court:

On the pleading and evidence in the case, the verdict should be

for the plaintiff, for the interest due on the note, the assessments claimed and interest thereon from the time they were severally payable.

Ans. "We decline to affirm this point as stated. The extent of the liability of the defendant must be determined by the jury from the evidence."

The following was the third point of the defendant, with the answer of the court thereto :

That the defendants are not liable for any loans made prior to May 4th 1869, the date of the premium-note, and no assessment can be made upon the note to pay the same.

Ans. "We affirm this point. Under the rules of law applicable to mutual insurance companies, the defendants would not be liable for any debts or liabilities of the company created prior to the time when they became members of the company, and as all the loans were made prior to that time, they could not be assessed on their premium-note to pay them."

In the general charge the court, inter alia, said :

"No member of the company is liable for any losses or expenses incurred prior to the time that he became a member of the company.

"[In this case the defendants would not be liable upon any assessments made upon the premium-note to pay any losses or expenses that accrued prior to the 4th day of May 1869. They were not members of the company prior to that date, and not bound to pay any such losses and expenses.] * * *

"It is alleged by the defendants, that they are not responsible for that portion of the debts of the company which are set forth in an exhibit made by the company in June 1873, and for the payment of which, it is claimed, these assessments of defendants were made. That there is a large number of losses made by the company, as exhibited in their statement, for which the defendants are not liable by the terms of their contract. From this statement an exhibit, dated June 2d 1873, it appears that this company did make a large number of loans from various persons, and the persons to whom these loans are respectively due are set forth in this statement. All of them, I believe, without exception, were made prior to the 4th day of May 1869, the time when the defendants became members of the company.

"We are of the opinion, and so instruct the jury, that no member of the company would be liable for any loans made prior to the time that he became a member.

"Although the company may have borrowed the money for the purpose of paying losses that they had sustained, yet only those members of the company, who were members at the time the losses occurred, and for the payment of which these loans were made, would be liable to assessment upon their premium-notes. [In this case if the jury find from the evidence, that the assessments of the

[Peoples' Fire Ins. Co. v. Hartshorne & Co.]

13th of May 1872, and of the 18th of January 1873, were levied for the purpose of paying loans which had been made by the company, prior to the time that the defendants became members of the company, there can be no recovery in this suit for such assessments.

"If you find that any portion of the debts of the company, for which these several assessments were made, including any of the loans set forth in this exhibit of June 2d 1873, they must be thrown out of the computation in making the assessment, for the defendants would not be liable for their payment.]

"[In your verdict you must determine what amount of these assessments the plaintiff is entitled to recover, if at all, and having ascertained that amount, there would be interest upon it from the time the assessments were due and payable.] On the $1600 note there would be interest recoverable, deducting the payments which have been made. The note bears interest on the $1600, at the rate of 5 per cent. per annum, deducting the payments which have been already made."

The verdict was for defendants, when plaintiff took this writ and assigned for error the admission of the evidence set forth above, the answers to points and the portions of the charge in brackets.

*J. H. Mitchell, J. J. Metzgar* and *J. M. Weakley*, for plaintiff in error.—If debts of the company remained after the former assessments had been collected, the defendants were assessable for such indebtedness, and the fact that they had paid other assessments was no defence in the present suit : West Branch Ins. Co. v. Macklin, 16 P. F. Smith 34. The defendants had already proved that their note was not assessed to pay any losses which accrued prior to their membership. The statements themselves could not disprove this nor anything material to the issue. Interest is payable absolutely by the terms of the contract. There was no evidence that any payments were made on account of interest. The plaintiff was entitled to binding instructions for this portion of his claim. There was no evidence to show fraud or gross mistake.

*Henry W. Watson* and *Henry C. Parsons*, for defendants in error.—The insured were not liable for losses which occurred prior to the time when they became members of the company : Wilson v. Trumbull Mutual Ins. Co., 7 Harris 375. What amount was due from defendants to plaintiff was a question of fact from the evidence, and was properly submitted to the jury. The jury found there was nothing due. The defendants alleged fraud, which they had a right to show under the authority in Hummel's Appeal, 28 P. F. Smith 325, and the jury found that we did prove fraud. The instruction in regard to interest was fair, in view of the fact that the company had by their own showing assessed the defendants for loans contracted before they were members of the company, and

had endeavored to make them pay an assessment which was largely in excess of the loans and losses of the company.

Mr. Justice STERRETT delivered the opinion of the court, October 6th 1879.

The judgment entered by the plaintiff pursuant to the provisions of its charter was opened and the defendants let into a defence. The question for the jury was how much, if anything, was due by the defendants to the company. It was substantially upon this issue the case was tried and submitted to the jury.

When the defendants became members of the company they submitted themselves to the action of the directors, as their representatives, and were bound by all the assessments made by the board, unless they could show that they were illegally made, that there was either fraud or gross mistake. The presumption is that the directors, representing the members of the company, made the assessments properly. The secretary's certificate as to the assessments is prima facie evidence of their correctness, but it may be rebutted by showing either fraud, illegality or gross mistake in making the assessments.

The offers of evidence to which the first and second assignments relate were made for that purpose, and we cannot say that the testimony was irrelevant. It might be impossible to show illegality or gross mistake in particular assessments, if testimony as to previous losses, assessments and revenues of the company was excluded. The company has a right to rely in the first instance on the prima facies of the secretary's certificate. The *onus* of rebutting it, by proving illegality or gross mistake is on the defendant, and for this purpose great latitude should be allowed. If the transactions of the company have been fair and legal, its records will exhibit the fact, and no injury can result from an examination of its affairs. It was claimed moreover by the plaintiff that defendants were liable to assessment for losses and for money borrowed or advanced to pay losses which occurred before they became members of the company. To meet this position they were entitled to introduce testimony as to previous losses and assessments made to meet the same. The defendants alleged and endeavored to prove that the receipts of the company from assessments, premiums, &c., very largely exceeded its aggregate losses and expenses.

The court instructed the jury that defendants were not liable for assessments to pay losses or expenses that accrued prior to May 4th 1869; that they were not members of the company prior to that date, and not bound to pay any such losses and expenses.

The essential principle on which mutual insurance companies are organized, is that each member will pay his proportionate share of expenses incurred, and losses which happen during the period of his membership. The plaintiff has no reason to com-

plain of the instruction given. While it claimed the right to assess for losses and money borrowed to pay losses that occurred before defendants became members, the plaintiff disclaimed having exercised the right; and alleged that they were assessed only for losses which occurred during their membership.

The court was requested to charge that "on the pleading and evidence in the case, the verdict should be for the plaintiff, for the interest due on the note, the assessments claimed and interest thereon from the time they were severally payable." The court refused to affirm the point, saying: "the extent of the liability of the defendants must be determined by the jury from the evidence." There was no error in this. To have affirmed this point as presented, would have been a binding instruction to the jury to disregard all of defendant's testimony, and render a verdict for the full amount of plaintiff's claim. This was asking too much. The plaintiff was not entitled to such sweeping instruction as this, when there was some testimony at least for the consideration of the jury. In the concluding part of his charge, the learned judge instructed the jury to determine from the evidence what portion, if any, of the assessments the plaintiff was entitled to recover. And having ascertained that amount, to allow interest thereon from the time the assessments were due and payable. "On the $1600, there would be interest recoverable, deducting the payments that have been made. The note bears interest on the $1600, at the rate of five per cent. per annum, deducting the payments that have been already made." The attention of the jury was thus specially called to the interest on the note, one of the items embraced in the point which as a whole was refused, and rightly so. We have no means of knowing why the jury failed to find anything either for interest or principal. It must be presumed that they obeyed the instructions of the court, and it may be that they found the payments referred to as already made, fully covered the interest. If the jury made a mistake or disobeyed instructions, the court had an opportunity of applying the appropriate remedy, when the case was before it on the motion for new trial.

It may be that error intervened to the prejudice of the plaintiff, but if so, it has not been made sufficiently manifest to justify us in reversing the judgment.

Judgment affirmed.