# Moore, Appellant, *v.* Schafer.

*Insurance—Mutual fire insurance—Insolvency—Affidavit of defense.*

In an action upon a policy of mutual fire insurance by the receiver of an insolvent company where the statement of claim shows that the policy was canceled on a certain date, but that the losses for which assessments were made were incurred prior to the cancelation of the policy, an affidavit of defense is insufficient which avers that the policy had been canceled, but fails to give the date of cancelation, and merely states that it was several years " prior to the time in which the plaintiff makes claim in the statement," and fails to fix any time when the defendant learned " that false and fraudulent statements had been made to him in order to induce him to take a policy," although the statement avers that he had been a member of the company for over five years.

Argued May 16, 1901.   Appeal, No. 150, April T., 1901, by plaintiff, from order of C. P. Beaver Co., Dec. T., 1900, No. 281, discharging rule for judgment for want of a sufficient affidavit of defense in case of Elmer W. Moore, Receiver of the Iron City Mutual Fire Insurance Company of Pittsburg, v. Philip Schafer.   Before RICE, P. J., BEAVER, ORLADY, W. W. POR-TER and W. D. PORTER, JJ.   Reversed.

Assumpsit by the receiver of an insolvent mutual fire insurance company to recover assessments.

The statement of claim set forth that the defendant's policy had been canceled on October 19, 1897, but that the losses for which the assessments in suit had been made were all incurred prior to the cancelation of the policy.

The defendant filed the following affidavit of defense :

That he was not a member of the Iron City Mutual Fire Insurance Company during the period covered by the assessment in plaintiff's statement, neither was he a member thereof for several years prior thereto ; that, having learned that false and fraudulent statements had been made to him in order to induce him to take a policy in said company, he availed himself of the provision in said policy contained, and notified the company that he desired that the said policy should be canceled, and, in reply thereto, he was informed that his request would be complied with upon the payment of a certain assessment, which he

122, (1901).]    Statement of Facts—Opinion of the Court.

then and there paid and received the company's receipt there-
for, and immediately returned to the said company the policy,
which was by them accepted.    All of which was several years
prior to the time in which the plaintiff makes claim in his state-
ment.    That he never had any other policy in said company,
other than the one which was canceled as aforesaid ; that he is
not indebted to the said plaintiff in the sum of $492.98 or any
other sum whatever.

The court discharged the rule for judgment for want of a
sufficient affidavit of defense.

*Error assigned* was the order of the court.

*R. T. M. McCready*, with him *William H. Cox*, for appellant.
—The affidavit was not sufficient: Stockley v. Riebenack, 12
Pa. Superior Ct. 169; Superior Nat. Bank v. Stadelman, 153
Pa. 634.

*J. R. Martin*, of *Martin & Martin*, for appellee.—The plain-
tiff was not entitled to judgment for want of a sufficient affida-
vit of defense : Thompson v. Clark, 56 Pa. 34 ; Bronson v.
Silverman, 77 Pa. 94.

Opinion by Orlady, J., July 25, 1901 :
The error complained of is the action of the court below in
discharging a rule for judgment for want of a sufficient affidavit
of defense.    As shown by the statement the insurance company
was incorporated on September 17, 1889, and on November 28,
1892, the defendant made an application for membership therein
for the term of five years from November 29, 1892, pursuant to
which a policy of insurance was issued by the company and deliv-
ered to the defendant on December 3, 1892.    In consideration of
the policy, the defendant gave to the insurance company a note
under seal by which he promised to pay to the company " such
sum or sums of money, and at such time or times, as the board of
directors of the said company may require and assess for losses
and expenses."    The defendant surrendered his policy, which
was canceled by the company on October 19, 1897.    Subsequent
to issuing the policy to the defendant and prior to its cancela-
tion, about 5,000 similar assessable fire insurance policies on the
mutual plan were issued to various persons.

In 1897 the company became insolvent and a receiver was appointed by the court of common pleas of Dauphin county. In 1899, pursuant to a decree of said court, assessments were levied upon all persons who had held assessable policies for the purpose of paying losses and expenses. Attached to and made a part of the statement is a detailed schedule of losses and expenses from June 1, 1897 to October 19, 1897, which shows that all the losses stated were incurred prior to the cancelation of the defendant's policy.

The defendant's affidavit admits his having been a member of the plaintiff company and relies on the surrender of the policy and its acceptance by the company, " all of which was several years prior to the time in which the plaintiff makes claim in the statement." He fails to state the date when the policy was issued or surrendered for cancelation. The copy of application, and policy of insurance, the note with the date of assessments thereon, and their amount are not controverted, and these show the assessments claimed in this action to be for losses occurring during the life of the policy. The denial of liability is not sufficiently definite and precise to prevent judgment. The dates and amounts, which are not denied in the statement, must be taken as much " within the knowledge of the defendant " as of the plaintiff, and the allegation that the cancelation of the policy was " several years prior to the time in which the plaintiff makes claim in the statement " is so indefinite as to be legally irrelevant. By the record it appears that the policy was not surrendered for cancelation until after the insolvency of the company was legally declared by the common pleas of Dauphin county and a receiver had been appointed, and that during the life of the policy a large number of similar policies had been issued. The statement shows the defendant to have been a member of the company for nearly five years, yet the affidavit does not fix any time when he learned " that false and fraudulent statements had been made to him in order to induce him to take a policy," nor when he availed himself of the provision contained in said policy and notified the company to cancel it. A delay of one year has been held to be an unreasonable time to withhold such a defense: Susquehanna Mutual Fire Ins. Co. v. Oberholtzer, 172 Pa. 223. He owed a duty to his fellow members, some of whom

sustained losses to which he must contribute his share toward paying: State Mutual Fire Ins. Co. v. Smith, 1 Pa. Superior Ct. 470; Kramer v. Boggs, 5 Pa. Superior Ct. 394; Stockley v. Receiver, 12 Pa. Superior Ct. 169; Schofield v. Leach, 15 Pa. Superior Ct. 354.

The judgment is reversed, and record remitted to the court below with direction to enter judgment against the defendant for $492.98, with interest, unless other legal or equitable cause be shown to the court why such judgment should not be so entered.