## Moore, Appellant, *v.* Bestline.

*Insurance —Fire insurance —Application —Policy—Evidence —Act of May* 11, 1881, *P. L.* 20.

While under the Act of May 11, 1881, P. L. 20, an application for insurance not attached to the policy cannot be admitted in evidence, there is nothing in the act to prevent the policy itself from being admitted.

In an action by a receiver of a mutual insurance company against a policy holder to recover an assessment, the policy cannot be excluded because the application referred to in it was not attached to the policy. In such a case where the basis rate of assessment is neither in the application nor in the by-laws, it is competent for the plaintiff after putting the policy in evidence to prove by oral testimony and the records of the company, both the general methods of fixing the basis rate, and the particular basis rate of the policy in suit.

Not decided whether a policy holder may waive the provisions of the act of May 11, 1881, requiring an application for insurance to be attached to the policy, before it can be admitted in evidence.

Argued March 10, 1903.    Appeal, No. 31, March T., 1903, by plaintiff, from judgment of C. P. Cumberland Co., Sept. T., 1902, No. 226, on verdict for defendant in case of Elmer W. Moore, Receiver of the Iron City Mutual Fire Insurance Company, v. George S. Bestline.    Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ.    Reversed.

Assumpsit by receiver of fire insurance company to recover assessments.    Before E. W. BIDDLE, P. J.

At the trial the plaintiff made the following offer:

Mr. Hambleton: We offer the policy sued upon, No. 4151, as identified by the witness as being the original policy issued for the purpose of showing the liability of the defendant, to be followed by other evidence showing the assessment levied under the decree of the court of Dauphin county.

Mr. Beltzhoover: Objected to.

1. That the policy cannot be offered to show liability of the defendant in this case, because no copy of the contract, to wit: the application, which the defendant made with the company, is attached to it, and the policy refers to that contract, and the policy therefore is incomplete as showing the contract without the copy of application, made at the time, attached thereto.

2. The policy itself unaccompanied by the application does not, in any way, show any agreement of the defendant to pay assessments or anything else.

3. The policy itself contains on its face a statement of the entire liability under the policy, and the plaintiff's statement shows that the defendant has already paid more than the policy fixes his liability at, and therefore the policy or the plaintiff's statement would not show any liability.

4. The policy, as offered, refers to other contracts between the parties, which are specifically made a part of the contract of insurance, to wit : in the line where the policy speaks of acknowledged liability to assessments, no acknowledgment on the part of the insured appearing in the policy, and the manner of levy of said assessments and the basis on which they are levied not appearing in the policy; and further, to that part of the policy which reads as follows : " Reference being had to application of assured, which is made a part hereof," the application of the assured not being in any manner embodied in the policy. The offer on its face is partial and incomplete.

The Court : The policy offered contains this clause : " Reference being had to application of assured, which is made a part hereof and a warranty on part of the assured." The application referred to does not accompany the policy, therefore the paper offered is not the whole of the contract between the parties, but only a portion thereof. Under the rules of evidence it consequently cannot be received. The fourth objection is sustained and an exception noted for the plaintiff. [1]

Mr. Hambleton : Plaintiff now offers policy No. 4151, issued to George S. Bestline, the defendant, to be followed by evidence showing that a search has been made for the application signed by defendant and upon which this policy was issued, and that the application cannot be found in the offices of the company, and the offer is to further prove the contents of said application by the witness on the stand and the books of the company showing entries made on said application on said books and a copy of the printed form of the application which was in use by the company at the time, and upon which form the application of the defendant was made ; this for the purpose of showing the entire contract entered into by the defendant with the company.

Mr. Biddle : We renew the objections to the former offer and add that the application not having been attached to the policy it cannot, under the act of 1881, be offered in evidence, and not being itself admissible in evidence, its contents cannot be proven in the way proposed, nor in any way. Further, the offer does not propose to show that the form which they had in use at that time referred to was in fact used by the defendant, George S. Bestline.

The Court : On the face of the policy under the caption " conditions and limitations of this company," paragraph 13, is as follows : " the assured by acceptance of this policy hereby waives the benefit of an act passed May 11, 1881, requiring copy of application to be attached to policy." After due consideration of the provisions and purposes of said act, we are of opinion that this waiver is invalid, and that the act should be applied in the trial of cases as one founded upon public policy whose provisions cannot be waived by the insured. The first additional objection is sustained and an exception noted for the plaintiff. [2]

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*C. Hambleton* and *J. W. Wetzel*, for appellant.—If the policy, excluding the application and the by-laws when the same have been reduced to writing and a copy of the same not attached to the policy, contains sufficient terms within itself to fix the liability of the insured, the insurer may prove the same, and recover judgment in the absence of a good defense : Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460 ; Norristown Title, etc., Co. v. John Hancock Mut. Life Ins. Co., 132 Pa. 385 ; Hebb v. Kittanning Insurance Co., 138 Pa. 174 ; Mahon v. Pacific Ins. Co., 144 Pa. 409 ; Frederici v. Pa. Mut. Fire Ins. Co., 1 Mona. 493 ; People's Fire Ins. Co. v. Hartshorne, 90 Pa. 465.

This practice of the company not being regulated by any by-law, and the basis rate not having been written in the applica-· tion, the proof of the same was not governed by the provisions of the act of 1881 : Lenox v. Ins. Co., 165 Pa. 575.

*F. E. Beltzhoover*, with him *E. M. Biddle*, for appellee.— The authorities in support of the rulings of the court below are clear and conclusive : Connell v. Metropolitan Life Ins. Co., 16 Pa. Superior Ct. 520 ; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460 ; New Era Life Assn. v. Musser, 120 Pa. 384 ; Norristown Title, etc., Co. v. Ins. Co., 132 Pa. 385 ; Hebb v. Ins. Co., 138 Pa. 174 ; Mahon v. Ins. Co., 144 Pa. 409 ; Lenox v. Ins. Co., 165 Pa. 575 ; Morris v. State Mut. Life Assurance Co., 183 Pa. 563 ; Ins. Co. v. Oberholtzer, 172 Pa. 223.

OPINION BY MORRISON, J., May 4, 1903 :

The Iron City Mutual Fire Insurance Company issued to the defendant, Bestline, a policy of fire insurance dated and delivered on June 14, 1892, which referred to the application and made the same a part of the contract. The application was not attached to the policy, which contained a clause wherein the defendant waived the benefit of the act of May 11, 1881. The case being at issue and on trial, the plaintiff's counsel made the following offer : " We offer the policy sued upon, No. 4,151, as identified by the witness, as being the original policy issued, for the purpose of showing the liability of the defendant, to be followed by other evidence showing the assessment levied under the decree of the court of Dauphin county." This offer was objected to by the defendant's counsel, and the sustaining of the objection and rejection of the offer constitutes the first assignment of error. The court below said : " The policy offered contains this clause : reference being had to application of assured, which is made a part hereof, and a warranty on part of the assured. The application referred to does not accompany the policy, therefore, the paper offered is not the whole of the contract between the parties, but only a portion thereof. Under the rules of evidence it consequently cannot be received. The fourth objection is sustained and an exception noted for the plaintiff." The plaintiff's declaration averred that the company on June 14, 1892, issued and delivered to the defendant an assessable policy of fire insurance, which policy remained in force until June 14, 1897. During the life of this policy the company became liable for expenses incurred and fire losses suffered by its members, which remained unpaid at the time

plaintiff was appointed receiver. In accordance with the decree of the court of common pleas of Dauphin county, the plaintiff levied an assessment upon defendant's policy for his proportionate amount of the liabilities incurred by the company during the life of said policy and remaining unpaid. The defendant having refused upon demand to pay the same, this suit was brought to recover the amount assessed. The leading question necessary to be decided is, did the court err in excluding the policy because the application referred to in it was not attached to the policy and did not accompany it?

Unless the waiver by the assured, the defendant, of the provisions of the Act of May 11, 1881, P. L. 20, will permit the application for insurance to be put in evidence, where it is not attached to the policy, it cannot be claimed that the court committed any error in excluding the application. But the act of 1881 will not bear the construction that a failure to attach the application to the policy furnishes ground for excluding the policy itself. In Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460, the effect of the act of May 11, 1881, was considered and construed by the Supreme Court. In that case " the policy of insurance contained provisions and covenants on the part of the assured, that the application should be considered a part of this contract, and a warranty by the assured, and that any misstatement of the condition, situation or occupancy of the property insured, or the building or premises containing the same, or any concealment or omission to make known every fact material to the risk or any overvaluation or any misrepresentation whatever, either verbal or in writing, shall render this policy void." On page 473, Mr. Justice CLARK, speaking for the court, said: " The application was rightly excluded from the testimony. The provisions of the Act of May 11, 1881, P. L. 20, are conclusive on this point. No copy of the application or of the by-laws of the company was attached to the policy as that act requires; it constituted, therefore, no part of the policy or of the contract between the parties, and was not receivable in evidence. The case is to be considered as if no such paper existed." This was a case against the insurance company, and the plaintiff was allowed to recover upon the policy excluding the application and by-laws notwithstanding the fact that the policy provided that the application should be considered a part of the

contract.   This case was cited and approved in Norristown Title, etc., Co. v. Hancock Ins. Co., 132 Pa. 385.   This doctrine is again affirmed in Hebb v. Ins. Co., 138 Pa. 174.   To the same effect is Morris v. State Mut. Life Assurance Company, 183 Pa. 563.   This rule has been applied in many other cases by our Supreme Court, and we are not aware that it has ever been questioned.   In Mahon et ux. v. Ins. Co., 144 Pa. 409, it is squarely decided that where the application was not attached to the policy as required by the act of 1881, it forms no part of the contract, and cannot be received in evidence.   " The case is to be considered as if no such paper existed.''   In that case the policy was admitted in evidence.   The law seems to be well settled that where the application is not attached to the policy the case is to be considered and disposed of as if no such paper existed. In other words the failure to comply with the act of 1881 renders the application void.   It is true that these decisions are in cases where the suits were against the insurance companies, but if the application is to be treated as if it never existed, we are unable to see how it is to be used as a reason for excluding the policy in a case like the one under consideration.   " The essential principle on which mutual companies are organized, is that each member will pay his proportionate share of expenses incurred, and losses which happen during the period of his membership : " People's Fire Insurance Company v. Hartshorne, 90 Pa. 465.   By the very terms expressed therein the defendant held his policy in consideration of acknowledged liability to assessments.   The company issuing the policy being a mutual company, the policy under the law was liable to assessment levied under the direction of the board of directors, or the court, for its proportion of the losses and expenses accruing during its life.   Kramer v. Boggs, 5 Pa. Superior Ct. 394 ;. Schofield v. Leach, 15 Pa. Superior Ct. 354 ; Schofield v. Hayes, 17 Pa. Superior Ct. 110.   It does not appear that it is necessary for the plaintiff in makng the assessment in suit to refer to either the application of the defendant or the by-laws of the company in order to determine the liability of the defendant. But one element of the contract not contained in the policy was needed in order to ascertain the defendant's obligation under the same, viz : the basis rate of assessment, and that, as we understand, was contained neither in the application nor in

the by-laws. The basis rate was entered on the books of the company at the place where the record of the particular policy was kept. This practice of the company not being regulated by any by-law, and the basis rate not having been written in the application, the proof of the same was not governed by the provisions of the act of 1881. Why then was it not competent for the plaintiff after putting the policy in evidence to prove by oral testimony, and the records of the company, both the general method of fixing the basis rate and the particular basis rate of the policy in suit? Lenox v. Greenwich Ins. Co., 165 Pa. 575, fully authorizes oral proof of such portions of the contract of insurance as are not in writing.

Now then, if the effect of the insurance policy issued by the company, and accepted by the defendant, was to constitute him a member of this mutual fire insurance company, and to render him legally liable for assessments, and if the company had become insolvent, and a receiver appointed and lawful assessments made by authority of the court of common pleas of Dauphin county, and if the basis rate of these assessments was a matter of oral proof, then we cannot see why the plaintiff was not entitled to have the policy go in evidence, and proceed to make out a case if he could in accordance with his several offers. The grave error committed by the court below was in excluding the policy because the application was not attached to it. But the law only requires that the application shall be excluded. It has no reference to the policy, and we know of no decision which will in any degree sustain the court in excluding the policy. It was excluded on the ground that the policy and the application together constituted the contract, but the decisions of the Supreme Court, supra, clearly show that the application, not being attached to the policy, was void and constituted no part of the contract. As was said in one of the cases, it was as if it never existed. Such being the law, how can a paper which never existed, in law, be used as a basis for the exclusion of the contract, which was executed and delivered between the company and the assured?

We have thus far considered this matter as if there had been no waiver or attempted waiver by the assured of the benefits of the act of May 11, 1881. But the policy shows that he waived the right to have the application attached to the policy.

While it is urged that it would be against public policy to sustain this waiver, we are not convinced that any principle of public policy goes so far as to render void a waiver of this character.    We do not see how anybody is injured by the assured stipulating in writing that the application or a copy of it need not be attached to his policy.    But we are so clearly of the opinion that in rejecting the policy as complained of in the first assignment of error, the court below committed reversible error, that it becomes unnecessary to consider the other assignments of error, and taking this view of the case we do not decide that the defendant is or is not bound by the waiver of the benefit of the act of 1881.    And inasmuch as the case will go back for retrial, we deem it unnecessary to pass upon any of the assignments of error except the first.    The plaintiff's declaration avers that the defendant was a member of this mutual insurance company at least from June 14, 1892 to June 14, 1897, and that he paid five several assessments upon his policy.    If this is so, perhaps a large number of persons became members of the company during the time that he was a member, and some of them may have been influenced by the fact that he was a member of the company and his property insured therein.    If all this is true, and we ought now to assume that it can be proved, then manifestly this defendant should not escape paying his share of the losses incurred by his company because his application was not attached to his policy.    It would seem that he was as much bound to know the law as the officers of the company, and if he was willing to accept the policy and enjoy its protection for five years or more, it does not seem to us that he can escape paying his share of the losses for the reason alleged.    It may be that there are other legal reasons why no recovery can be had against him, but we are of the opinion that the policy should be admitted in evidence, and it will be time enough to determine that the plaintiff cannot recover when all of the legal evidence is admitted.

The first assignment of error is sustained, the judgment reversed and a venire facias de novo awarded.