# Moore, Appellant, *v.* Lichtenberger.

*Insurance—Fire insurance—Policy—Written and printed parts.*

A special manuscript addition to the general printed form of a policy of insurance will be presumed to have been separately considered by the parties, and to express their exact agreement upon the subject to which it relates, and must govern in so far as there is a repugnancy between it and the general covenants of the printed form.

*Insurance—Fire insurance—Mutual insurance—Limitation of liability of insured.*

A mutual insurance company may in a proper manner, which involves nothing tending to deceive present or future policy holders, enter into a contract of insurance which involves a limitation of the liability of the insured to assessment beyond an amount stated.

*Insurance—Fire insurance—Mutual companies—Assessments—Evidence.*

Where a person takes out a policy of insurance in a mutual fire insurance company, pays no cash at the time, but acknowledges his " liability to payment of premium calls," and the policy contains no limitation as to the amount of the assessments, and the·insured thereafter pays one assessment, he cannot subsequently deny his liability for any assessments, or escape assessments by showing that he had been induced to accept the policy and enter into the contract by misrepresentations of the soliciting agent of the company.

The entries upon the books of a mutual fire insurance company made in connection with a particular policy constitutes no part of the contract between the parties; they simply give the basis rate and schedule premium of the risk, and form a basis of assessment.

Argued April 11, 1904.   Appeal, No. 18, March T., 1904, by plaintiff, from judgment of C. P. Cumberland Co., Sept. T., 1902, No. 227, on verdict for defendant non obstante veredicto in case of Elmer W. Moore, receiver of Iron City Mutual Fire Insurance Company, v. Fannie Lichtenberger.  Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ.  Reversed.

Assumpsit to recover assessments on a fire policy.  Before BIDDLE, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* among others was in entering judgment for defendant non obstante veredicto.

*Conrad Hambleton,* of *Wetzel & Hambleton,* with him *R. T. M. McCready,* for appellant.—After one becomes a member of a mutual insurance company he is bound to become informed of its rules and regulation : Mitchell v. Ins. Co., 51 Pa. 402; Burger v. Ins. Co., 71 Pa. 422.

If deceived by the agent or officers of the company as to the character of the company or the effect of his contract, the insured must proceed to rescind his contract within a reasonable time after its execution, and before the rights of third parties have intervened.   A delay of one year in the cancelation of a policy on the ground of fraud has been held to be unreasonable and the policy holder liable to assessments : Dettra v. Kestner, 147 Pa. 566 ; Moore v. Schafer, 18 Pa. Superior Ct. 122.

The Iron City Insurance Company, being a mutual company the policy under the law was liable to assessments levied under the direction of the court for its proportion of the losses and expenses accruing during its life : Kramer v. Boggs, 5 Pa. Superior Ct. 394 ; Schofield v. Leach, 15 Pa. Superior Ct. 354 ; Schofield v. Hayes, 17 Pa. Superior Ct. 110 ; Moore v. Bestline, 23 Pa. Superior Ct. 6 ; Dettra v. Kestner, 147 Pa. 566.

*E. M. Biddle, Jr.,* with him *F. E. Beltzhoover,* for appellee.

OPINION BY PORTER, J., October 17, 1904 :

The plaintiff brought this action to recover the amount alleged to be assessible upon two policies of an insolvent insurance company, held by the defendant, under the decree of the court of common pleas of Dauphin county.   The decree of the court of Dauphin county was conclusive as to the amount to be assessed upon such policies as were liable to assessments during the respective periods that they were in force.   The only question to be determined in this case was whether the policies held by the defendant were legally liable to assessment. The learned judge of the court below instructed the jury to find a verdict for the full amount claimed upon both policies, reserving all the questions raised by the several prayers for instructions submitted by the parties.   The form of the reservation was unfortunate, for we have a general verdict as to the entire claim, while the covenants contained in the policies, re-

spectively, are not identical, and the disposition of the questions which arise under them do not lead to the same conclusion.

The policy No. 4879 was issued by the company and delivered to the defendant on July 31, 1891, and continued in force until July 28, 1896. The company at the time this policy was issued had no by-laws, and the policy embraced the entire contract of the parties. The policy was a mutual one, the assured paid no cash to the company, and the only consideration which she gave for the insurance was the express covenant contained in the policy, that it should be liable to assessments. There was attached to the printed form and made part of the contract a special manuscript addition, which described the property insured, and contained this special covenant : " Guaranteed that the premiums and assessments on this policy shall not exceed $25.87 during the time for which it is written." This special covenant thus added to the general printed form of the contract must be presumed to have been separately considered by the parties, and to express their exact agreement upon the subject to which it related, and must govern in so far as there is a repugnancy between it and the general covenants of the printed form : Grandin v. Rochester German Insurance Company, 107 Pa. 26 ; Duffield v. Hue, 129 Pa. 94 ; Dick v. Ireland, 130 Pa. 299 ; Lumber-man's Exchange v. American Cent. Insurance Company, 183 Pa. 366. The defendant in availing herself of the protection of this covenant was not setting up a collateral agreement nor attempting to vary the terms of the written contract, she was simply insisting upon the provisions of the agreement being executed as written. There was no question that she had paid all that she had ever agreed to pay. This provision of the contract was not only contained in the policy, but it had been entered upon the books of the company at the time the policy was issued, and has there remained conveying direct notice to every person who had any interest in and desired information concerning the rights of the parties under the contract. This contract violated no by-law of the company, and no innocent third party could have been mislead as to the rights of the company against the defendant. When this policy was offered in evidence the limitation upon the liability of the defendant to assessment appeared upon its face. A mutual insurance company may in a

proper manner, which involves nothing tending to deceive present or future policy holders, enter in a contract of insurance which involves a limitation of the liability of the assured to assessment, it may accept a cash payment or note for a specific sum absolutely fixing the amount to be paid whether or not losses occur, or it may accept a premium note liable to assessments and fixing the limit thereof: Schimpf & Son v. Lehigh Valley Mutual Insurance Company, 86 Pa. 373; Lycoming Fire Insurance Company v. Commonwealth, 10 W. N. C. 228; Given, Receiver, v. Rettew, 162 Pa. 638. Since the law thus permits mutual insurance companies to enter into contracts fixing a limitation of the liability to assessment, there can be no objection to making that provision a part of the primary contract of insurance, the by-laws being silent upon the subject. The defendant having paid upon policy No. 4879 assessments to the full amount agreed upon in the contract, she is not liable to further assessments upon that policy, and the sixth prayer of the defendant for instructions should have been affirmed.

The policy No. 24480 was issued on July 22, 1896, by the company to the defendant. The defendant accepted this policy, paid an assessment on it in November, 1896, and retained it for over a year without making any objection to its terms, and in October, 1897, the company was duly decreed to be insolvent and a receiver appointed. The defendant had been for several years prior to accepting this policy a member of the company, which had during the period of her membership adopted by-laws. The company was incorporated as a mutual fire insurance company, under the provisions of the Act of May 1, 1876, P. L. 53, and the defendant must be presumed to have known that the company had no authority to issue policies on any other than a mutual basis. The defendant paid no cash to the company, nor was there any provision in the contract which requires her to pay any definite amount at any time. The policy was issued: "In consideration of the stipulations herein named and of an acknowledged liability to payment of premium calls." The contract contained no limitation whatever upon the number or amount of the premium calls or assessments which the company might lawfully make. The policy declared that the company issuing it was a mutual one. The learned counsel representing the appellee has contended

that the words "liability to payment of premium calls," do not imply that the policy is liable to assessment, but that the inference to be drawn from the use of these words is that this was a cash premium policy. The contention is not well founded. The defendant did not pay cash, nor did she agree to pay anything at any time, the liability which she assumed was to pay what the company called upon her to pay. The calls must necessarily be limited to such as the company under the law of its being had the right to make, such as were reasonably necessary to meet the losses and expenses accruing while the policy continued in force. A premium is the compensation paid a company for the indemnity furnished, when the insurance is upon the stock principle the premium is usually a sum certain or capable of being made certain, while in mutual companies each member is insured as well as insurer, and the premium to be paid is dependent upon the amount of the aggregate losses of the members during the period the policy is in force. "The essential principle on which mutual companies are organized is that each member will pay his proportionate share of the losses suffered and expenses incurred during the period of his membership : " Stockley v. Riebenack, 12 Pa. Superior Ct. 169; People's Fire Insurance Company v. Hartshorne, 90 Pa. 465; Schimpf v. Insurance Company, 86 Pa. 373. When the defendant became a member of the company she submitted herself to the action of the directors, as her representatives, and was bound by all the assessments made by the board, unless she could show that they were not legally made, that there was either fraud or gross mistake. The assessment is only the ascertainment, by the directors of the amount of the premium or price for insurance which the defendant is required to pay : People's Fire Insurance Company v. Hartshorne, supra. The defendant having accepted and retained the policy for over a year, and paid one assessment thereon, cannot after the rights of innocent third parties have intervened escape liability to this assessment by showing that she had been induced to accept the policy and enter into the contract through misrepresentations by the soliciting agent of the company : Susquehanna Mutual Fire Insurance Company v. Oberholtzer, 172 Pa. 223 ; Moore v. Schafer, 18 Pa. Superior Ct. 122 ; Schofield v. Hayes, 17 Pa. Superior Ct. 110 ; Sparks

v. Flaccus Glass Company, 16 Pa. Superior Ct. 119. This policy was liable to assessment, and the decree of the court of common pleas of Dauphin county is conclusive as to the rate of assessment for the period during which it was in force. The entries upon the books of the company, made in connection with this insurance, constituted no part of the contract between the parties ; they simply gave the basis rate and schedule premium of the risk, and formed a basis of assessment : Susquehanna Mutual Fire Insurance Company v. Leavy, 136 Pa. 499.

The manner in which the several questions were reserved, the plaintiff being entitled to judgment upon some of them and not upon others, and the verdict being general, renders a new trial necessary.

The judgment is reversed and a venire facias de novo awarded.