# Greiner to use *v.* The Safety Mutual Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Application—Copy of application—Evidence—Act of May* 11, 1881, *P. L.* 20.

In an action on a policy of fire insurance where it appears that the original application was not attached to the policy but what purported to be the application was copied therein, the application itself, and any questions relating to the answers in the application are properly excluded, where it appears that in the blank for a description of the property in the copy in the policy occurred the statement: "Same as body of policy," and that the only description of the property was upon a slip pasted on the policy.

Argued Nov. 13, 1908.   Appeal, No. 155, Oct. T., 1908, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1904, No. 151, on verdict for plaintiff in case of H. N. Greiner to use of The Elizabethtown National Bank v. The Safety Mutual Fire Insurance Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit upon a policy of fire insurance.   Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the defendant offered in evidence the original application.

Mr. Hensel: That is objected to upon the ground that an exact copy of it is not attached to the policy as it requires.

Disallowed.   Defendant excepts.   Bill of exceptions signed and sealed. [1]

Defendant desires to renew the application, offering it in evidence for the purpose of proving subsequently that said application was false in two particulars, both of which are exactly and correctly set forth in the application annexed to the policy—Question 3, By whom and for what purpose occupied?   State fully.   A. Applicant.   Shirt factory."

And Question 9, "Have you ever suffered loss of property by fire?   A. No."

388 GREINER *v.* SAFETY M. FIRE INS. CO., Appellant.

Statement of Facts—Opinion of the Court. [40 Pa. Superior Ct.

To be followed by proof that both these answers were false, and the application would therefore vitiate and void the policy.

Mr. Hensel: That is objected to for the reason that appears from an inspection of the purported copy of the application affixed to the policy, and the paper offered as the original application; that the copy affixed to the policy is not a correct copy as signed by the applicant and required by the act of assembly.

The Court: Disallowed. We think it forms no part of the policy and therefore cannot be used.

Defendant excepts. Bill of exceptions signed and sealed. [2]

Verdict and judgment for plaintiff for $1,235. Defendant appealed.

*Errors assigned* were (1, 2) ruling on evidence, quoting the bill of exceptions.

*John A. Coyle,* of *Coyle & Keller,* for appellant, cited: Morris v. Life Assurance Co., 183 Pa. 563; Collier v. Collier, 49 N. E. Repr. 1063; Wiley v. Forsee, 6 Black. (Ind.) 246; Yeager v. Davis, 13 N. E. Repr. 707; Gordon v. South Fork Canal Co., 10 Fed. Cases, 817; Timothy v. Chambers, 11 S. E. Repr. 598.

*W. U. Hensel,* for appellee, cited: Susquehanna Mut. Fire Ins. Co. v. Hallock, 22 W. N. C. 151; Hebb v. Ins. Co., 138 Pa. 174; Pfaltzgraff v. Ins. Co., 10 York, 57; Dickinson v. Ancient Order of United Workmen, 159 Pa. 258; Morris v. Ins. Co., 183 Pa. 563; Acme Co. v. Reed, 181 Pa. 382; Lee, Holland & Co. v. Cooper, 8 Pa. C. C. Rep. 481; Lenox v. Greenwich Ins. Co. of N. Y., 165 Pa. 575; Fisher v. Fidelity Mut. Life Assn., 188 Pa. 1; Imp. Fire Ins. Co. v. Dunham, 117 Pa. 460.

OPINION BY BEAVER, J., February 26, 1909:

This case, with another in which an opinion will follow (post, p. 391), was tried at the same time with Greiner, use of, v. Central Mutual Fire Ins. Co., in which an opinion has been this day filed, ante, p. 379. This case differs from the previous one, in that there was a regular written application, which purports

to be copied in the policy. The original application was twice offered in evidence, the offer in both instances being rejected. In the first instance, the offer was made without giving any specific reason. The second time this was the offer: "Defendant desires to renew the application, offering it in evidence for the purpose of proving subsequently that said application was false in two particulars, both of which are exactly and correctly set forth in the application annexed to the policy: Question 3, By whom and for what purposes occupied? State fully. ·Answer, applicant; shirt factory. And Question 9, Have you ever suffered loss of property by fire? Answer, No. To be followed by proof that both these answers were false, and the application would therefore vitiate and void the policy." Upon objection, the court said, "Disallowed. We think it forms no part of the policy, and therefore cannot be used."

In the application, as copied in the policy, in the blank for a description of the property, occurs this statement: "Same as body of policy." In the policy the description of the property upon which the insurance was effected is contained upon a slip pasted thereon. There is no description of the property in the body of the policy, except as contained upon this pasted slip. Hence the importance of the description of the property in the copy, as contained in the application.

The court rejected both offers on the ground that they were not a compliance with the provisions of the Act of May 11, 1881, P. L. 20, which requires that in such case the policy shall contain, or have attached thereto, correct copies of the application, as signed by the applicant.

It requires but a glimpse at the copy of the paper, purporting to be a copy of the application, as made to the defendant company, by the plaintiff, to reach the conclusion that this is not only not a correct copy but is not a copy at all. One essential part of the application is the property to be insured. Instead of describing it, it says, "Same as body of policy." When the policy is referred to, there is no description in the body of the policy, but the same is contained upon a detached bit of paper, typewritten, which is pasted to the policy. When the offer was first made, therefore, in general terms, we think it was properly

excluded by the court.  See Morris v. State Mutual Life Assurance Co., 183 Pa. 563; Zimmer v. Central Accident Insurance Co., 207 Pa. 472; Moore v. Bestline, 23 Pa. Superior Ct. 6.

As to the second offer, although confined to the answers by the plaintiff to two specific questions, which the defendant proposed in the second offer to show were false, we cannot see that the mere fact that these particular questions and the answers thereto were correctly stated in the so-called copy of the application, in any way strengthened the offer.  The evident intent and plain meaning of the act of assembly is to require a correct copy of the application, taken as a whole, to be attached to the policy, so as to give the insured complete notice of his application and enable him, if it is in any respect incorrect, to take steps to have it corrected.  We are all of the opinion that the writing upon the policy, purporting to be a copy of the application, is not a correct copy thereof, within the meaning of the act of assembly, and that, therefore, the court in both instances was correct in refusing to allow the original to be offered in evidence.

As already stated, this case was tried with Greiner, use of, v. The Safety Mutual Fire Ins. Co., ante, p. 379, in which the defendant secured answers from the agent as to the representations made by the plaintiff in his application, both as to the ownership of the property and previous fire.

The appellee argues that the appellant secured the benefit of misstatements in the application by this testimony, but we do not so understand it.  Both the cases were tried together, and the court in the charge indicated the applicability of the testimony to the several cases, so that the jury could distinguish between them.  Although this fact might have influenced the jury, if any question had been submitted to them in this case, we do not see that this was at all necessary, inasmuch as, with the application properly shut out from their consideration, there was nothing upon which they could predicate falsity on the part of the plaintiff's application and, therefore, invalidity of the insurance.

Being satisfied that the court correctly refused the defendant's offer of the original application, there is nothing in the

case which could properly affect the verdict of the jury and the judgment entered thereon.

Judgment affirmed.