F. MacKinnon & Company, Appellees, v. Mutual Fire Insurance Company, Appellant.

Fire Insurance: REPRESENTATIONS OF INSURED: EVIDENCE. A policy of insurance against fire provided that if the building insured "stands on leased ground, or if the title be less than fee simple in the insured, it must be so represented to said company, and so expressed in the

written portion of the policy; otherwise, said policy shall be void." The policy contained no representation whatever as to the title of the insured. *Held*, notwithstanding the provisions of section 2, chapter 211, of Acts of the Eighteenth General Assembly, that, unless a copy of the representations of the insured, which are made a part of the contract of insurance, is attached to such policy, or indorsed thereon, the insurer shall be precluded from pleading or proving such representations, or any part thereof, or the falsity thereof, in an action upon such policy, that evidence that the insured property stood upon leased ground was admissible on behalf of the insurer to show a concealment of the extent of the title of the insured, and to defeat a recovery upon the policy under the above provision.

*Appeal from Clinton District Court.* — Hon. P B. Wolfe, Judge.

Tuesday, October 10, 1893.

Action upon a policy of insurance against loss by fire. The plaintiffs allege the issuing of the policy, the loss and proofs of loss, and ask judgment for one thousand, thirty-nine dollars and seventeen cents, with interest. The defendant answers alleging as a defense the following: "It is provided in said policy that if the building stands on leased ground, or if the title be less than fee simple in the insured, it must be so represented to said company, and so expressed in the written portion of the policy; otherwise, said policy shall be void. And the defendant avers the truth to be that the factory buiding and additions referred to in said policy, at the date of said policy, and until said fire, stood upon leased ground, and the plantiffs' title was less than a fee simple; and the same was not so represented to said company, or known to it, and was not so expressed in the written portion of said policy. By reason thereof said policy was and is void. It is provided in said policy 'that, if said insured shall conceal any fact material to the risk, said policy shall become void; and the defendant says the plaintiffs did conceal from it facts material to said risk, viz., that said

buildings stood on leased ground, and that the plaintiffs' title was less than fee simple; and by reason thereof said policy became and is void." The case was tried to a jury upon the petition and answer, and at the conclusion of the evidence and arguments the court instructed the jury to find for the plaintiffs in the sum of one thousand, seventy dollars and seventy-five cents, and entered judgment accordingly. The defendant appeals.—*Reversed.*

*A. R. McCoy* and *E. S. Bailey*, for appellant.

*Henderson, Hurd, Daniels & Kiesel,* for appellees.

Given, J.—One of the plaintiffs testified on crossexamination that the building that was insured was on leased ground, and had been for many years before the fire. On motion of the plaintiffs this evidence was excluded, to which the defendant excepted. The defendant offered in evidence the proofs of loss made by the plaintiffs, for the purpose of showing by the admission therein that the plaintiffs were not the owners in fee simple of the real estate upon which the building stood, and that it was upon leased land. This evidence was excluded, upon the plaintiffs' objection, to which the defendant excepted.

The ground of the plaintiffs' motion and objection is that such evidence is not admissible under section 1733 of McClain's Code (section 2, chapter 211, Acts of Eighteenth General Assembly). Section 1733 is as follows:

"All insurance companies or associations shall upon the issue, or renewal, of any policy attach to such policy, or indorse thereon, a true copy of any application or representation of the assured, which, by the terms of such policy, are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such

policy. The omission so to do shall not render the policy. invalid, but if any company or association neglects to comply with the requirements of this section, it shall forever be precluded from pleading, alleging or proving such application or representations or any part thereof, or falsity thereof, or any parts thereof, in any action upon such policy, and the plaintiff in any such action shall not be required, in order to recover against such company or association, either to plead or prove such application or representation, but may do so at his option.''

One of the purposes of this statute, if not the sole purpose, is to cause all parts of the contract of insurance to appear in or upon the policy. It is certainly not intended that representations appearing on the face of the policy should also appear by copy indorsed thereon or attached thereto. It is only applications and representations of the assured that are made a part of the contract, and which may affect its validity, and that do not appear therein, that are required to be indorsed upon or attached to the policy. To secure observance of this requirement, insurance companies are restricted in their pleadings and proofs to applications and representations thus appearing in or upon the policy. We have seen that this policy expressly provides that if the buildings stand on leased ground, or if the title be less than fee simple in the insured, it must be so represented to said company, and so expressed in this policy; otherwise, the policy will be void. It is not expressed in the policy that the buildings stood on leased ground, nor that the title in the insured was less than fee simple, and the inference must be that it was not so represented to the company. The policy also provides that, if the insured concealed any fact material to the risk, the policy shall be void. It was material to the risk whether the buildings stood upon leased ground, and whether the title of the

insured was less than fee simple. The evidence excluded tends to show that the buildings were on leased ground, that the title of the insured was less than fee simple, and that the insured concealed those facts. It did not tend to prove an application or representation not appearing in or upon the policy, but rather the breach of conditions expressed in the policy. If it may be said that a failure to disclose the true state of their title was a representation on the part of the insured, then it is a representation appearing in the policy, and not within the restrictions of the statute. We think the evidence should have been admitted.

Counsel for the appellee contend that, even if the excluded evidence was admissible, the plaintiffs were entitled to a verdict, because the appellant had alleged, and failed to prove, that it did not know that the building was on leased ground. The right of the defendant to introduce such evidence was involved in the question already considered. If the appellant was not entitled to show that the building was on leased land, then surely it might not show that it did not have knowledge of a fact that it was not allowed to prove. For the error pointed out, the judgment of the district court is REVERSED.