A. J. Lenox v. Greenwich Insurance Co. of New York,
Appellant.

| 165 | 575 |
| --- | --- |
| 183 | 573 |

| 165 | 575 |
| --- | --- |
| 23 SC | 12 |

| 165 | 575 |
| --- | --- |
| 211 | 433 |

*Insurance—Oral application—Attaching application to policy—Evidence
—Act of May* 11, 1881.

The act of May 11, 1881, P. L. 20, requiring an application for insurance to be attached to the policy, is limited to writings, and does not apply to any oral application.

Argued Nov. 2, 1894. Appeal, No. 239, Oct. T., 1894, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1892, No. 246, on verdict for plaintiff. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on fire insurance policy. Before McCLUNG, J.

At the trial it appeared that plaintiff owned a house in Oakdale. His father lived in Washington, Pa., and, a few days before the date of the policy, sent an agent named Hughes to Oakdale with a view of having him place insurance on plaintiff's property and that of his sister. Plaintiff simply pointed out the property to Hughes. Hughes returned to Washington and either because he was an agent for life insurance only, or because his company did not insure property in the oil district (both reasons seem to be given by him), he turned the matter over to defendant company, describing the property orally as a dwelling house, and this is the description given in the policy. It was, in fact, a feed store. It was not claimed by defendant that there was fraud or deceit in representing the property as a dwelling house. It was simply a mistake on the part of Hughes, probably arising from the fact that the adjoining property, belonging to plaintiff's sister and upon which insurance was effected at the same time, was occupied as a dwelling.

Plaintiff's point was among others as follows:

" 1. The mere fact that the building is mentioned in the policy as a dwelling implied no warranty either that the building was then occupied as a dwelling or would thereafter be so occupied; but the word used is merely descriptive." Affirmed. [3]

Defendant's point was among others as follows:

" 1. The description of the building insured as a ' dwelling ' was a warranty on the part of the plaintiff that the building was in fact at the date of the policy in use as a dwelling; and it appearing from the evidence that it was then in use as a feed store, there was a breach of the warranty, the policy became void, and the plaintiff is not entitled to recover." Refused. [4]

The court charged in part as follows :

" There seem to be perhaps only two questions of fact at most for you to pass upon in this case. The one is the question of this property becoming vacant or unoccupied and remaining so for the space of ten days ; and the other, if you determine that in favor of the plaintiff, the question of the amount of his loss." [1]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 3, 4) instructions, quoting them ; (2) in not submitting to the jury the questions of fact as to what, if any, representations were made to defendant by plaintiff or his agent as to the character or use of the property proposed to be insured, and whether or not they were material to the risk.

*Wm. Scott, John Dalzell* and *Geo. B. Gordon* with him, for appellants, cited : Act of May 11, 1881, P. L. 20 ; Endlich, Stat. § 341 ; Curry v. Sun Fire Office, 155 Pa. 467 ; Cumberland Valley M. P. Co. v. Douglas, 58 Pa. 419 ; Ins. Co. v. Fromm, 100 Pa. 347 ; Ins. Co. v. Usaw, 112 Pa. 80 ; Ins. Co. v. Huntzinger, 98 Pa. 47.

*W. K. Jennings* for appellee, cited : Norristown Title Co. v. Ins. Co., 132 Pa. 385 ; Ins. Co. v. Sailer, 67 Pa. 108 ; Cumberland Val. M. P. Co. v. Douglas, 58 Pa. 419 ; Ins. Co. v. Fromm, 100 Pa. 347 ; Ins. Co. v. Usaw, 112 Pa. 80.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895 :

The act of May 11, 1881, P. L. 20, is necessarily limited to writings. It requires that all policies of insurance " which contain any reference to the application of the insured . . . . either as forming part of the policy or contract between the parties thereto, or having any bearing on said contract, shall contain or have attached to said policies, *correct copies of the applica-*

*tion as signed by the applicant,*" etc.   There can be no " correct copy as signed " of an oral application, nor can a " copy " even of a written application be " attached " to an oral contract.   It is settled and unquestionable that the whole contract of insurance may be oral, and we cannot reasonably suppose that the legislature meant either thus indirectly to change the established law in this respect, or to require a subordinate part of a contract to be in writing while the main part is oral.   The legislature would not do indirectly for a part what it has clearly not intended to do for the whole.   It is well known that the evil aimed at in this legislation was the custom of insurance companies to put in their blank forms of application long and intricate questions or statements to be answered or made by the applicant, printed usually in very small type, and the relevancy or materiality not always apparent to the inexperienced, and therefore liable to become traps to catch even the innocent unwary.   The general intent was to keep these statements before the eyes of the insured, so that he might know his contract, and if it contained errors, have them rectified before it became too late.   Both this general intent and the language of the act require its application to be limited to contracts in writing. To extend it to others would be more than liberal, it would be loose construction.   The evidence as to the representations made by plaintiff's agent Hughes in the application should have been admitted.

Though this point does not appear to have been expressly passed upon by this Court before, yet the decision in Curry v. Sun Fire Office, 155 Pa. 467, is clearly based on the same views as are now expressed.

Judgment reversed and venire de novo awarded.