PARN KIRKPATRICK, Appellee, v.· LONDON GUARANTEE AND
ACCIDENT COMPANY LIMITED, Appellant.

**Accident insurance:** DEFENSES: FAILURE TO ATTACH COPY OF APPLI-
CATION TO POLICY: STATUTES. Failure of an insurance company
*to* incorporate in or attach a copy˙of the application to the
policy, as provided by Code, section 1741, will preclude it from
relying on any representations therein, which are not included
in the policy, as a defense to an action on the policy; but such
failure is not a bar to any defense it may have under the
express terms of the policy, without reference to such appli-
cation: the purpose of the statute being to require all the
terms of the contract to be expressed in the policy.
Weaver, J., dissenting.

*Appeal from Poweshiek District Court.—* HON. BYRON W.
PRESTON, Judge.

SATURDAY, APRIL 11, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

ACCIDENT on policy of accident insurance. There was a
verdict for the plaintiff and from judgment thereon ˙de-
fendant appeals.— *Reversed.*

*R. J. Folonie, Carr, Hewitt, Parker & Wright,* and
·*Will C. Raybourn,* for appellant.

*Norris & Norris* and *W. R. Lewis,* for appellee.

McCLAIN, J.— On January 5, 1906, the defendant
company issued to the plaintiff a policy of insurance for

one year, providing that, for loss of life on account of bodily injury effected directly and independently of all other causes through external, violent, and accidental means, the company would pay to plaintiff $20,000, and for loss of either hand by severance, etc., one-half of that sum. Plaintiff's claim was for $10,000 on account of the loss of a hand, within the terms of the policy, and $50 under a provision for the payment of that amount in addition for an amputation. The defenses relied upon were that the policy was procured with the fraudulent purpose of cheating the defendant by voluntarily bringing about his injury so as to secure the indemnity provided for; that the injury for which recovery was sought was not accidental, but was voluntarily and intentionally self-inflicted; and that certain material statements and warranties on the part of the insured were false, and the policy by its terms void on account of such false statements and warranties. The court submitted to the jury the issues raised by the pleadings as to the alleged fraud in the procurement of the policy and as to whether the injury was accidental or self-inflicted, but by various rulings in striking out portions of defendant's answer, in refusing instructions asked, and in withdrawing certain issues remaining under the pleadings from the consideration of the jury, held that the falsity of statements and warranties on the part of assured found in the policy could not be inquired into, for the reason that a true copy of an application, containing statements and warranties on the part of the assured somewhat different from those found in the policy, had not been attached to such policy or indorsed thereon, as required by Code, section 1741, which under Code, section 1709, paragraph 5, is applicable to policies of accident insurance. The section referred to reads as follows:

Sec. 1741. Copy of Application.— All insurance companies or associations shall, upon the issue or renewal of any

policy, attach to such policy or indorse thereon a true copy of any application or representation of the assured which by the terms of such policy are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy. The omission so to do shall not render the policy invalid, but if any company or association neglects to comply with the requirements in this section it shall forever be precluded from pleading, alleging or proving any such application or representations, or any part thereof, or falsity thereof, or any parts thereof, in any action upon such policy, and the plaintiff in any such action shall not be required in order to recover against such company or association, either to plead or prove such application or representation, but may do so at his option.

The policy sued on contains the statements and warranties on the part of the assured, falsity of which is relied upon by the defendant; but it makes no reference whatever to any application as constituting the basis for the policy or a part thereof. The application, so called, which plaintiff contends is such application as should have been attached to the policy by true copy, under the section of the statute just quoted, is not in the form of an application. It is headed " Daily Report for Accident Insurance," and purports to set out, among other things, the statements which the assured warrants to be true, and recites that " such statements are hereby made part of this contract," and it is signed by the assured, although, as it appeared from the evidence, it was intended to be signed by the agent. But in determining the applicability of the statute we think this so-called application must be treated as an application within such statutory provisions. As counsel have presented a question as to the interpretation of the statute which can be determined without particularly reciting the allegations as to false statements and breaches of warranties under the policy itself, and as it is conceded on both sides that the solution of the question argued as to the proper interpretation of the statute will

dispose of the appeal, we shall proceed at once to determine the question of interpretation thus argued.

The contention for appellee in the lower court and on this appeal is that, if representations or warranties were made in the application, a copy of which was not incorporated into or attached to the policy as required by statute, then no issue can be raised by the company as to representations or warranties found in the policy, although the policy makes no reference to such application; in other words, that although there are statements and warranties in the policy which, without reference to the application, are material to the contract, the defendant cannot raise any issue under such statements and warranties relating to the same subject-matter, a copy of which was not incorporated into or attached to such policy. The appellant, on the other hand, insists that the existence of an application, not incorporated into or attached to the policy by reference, does not preclude it from relying by way of defense on falsity of statements or breaches of warranty available to it under the policy as delivered, without reference to any application which may have been made, but which was not thus incorporated or attached. Appellant did not, as the question was finally presented in the lower court, plead or attempt to rely upon the falsity of any statements or the breach of any warranty found in the application itself, but relied exclusively upon the terms of the policy as furnishing the basis for the defenses which it interposed in this respect. The section of the Code which we are now asked to interpret has frequently been considered by this court, and has been liberally applied in excluding an insurance company from relying in any way upon representations or warranties contained in an application, a copy of which has not been incorporated into or attached to the policy, and the purpose of the statute has been declared in a general way to be the prevention of any representations or warranties in the application being considered a portion of the contract, or available to the company as a

defense, unless a copy of the application is incorporated or attached. *Ellis v. Council Bluffs Ins. Co.,* 64 Iowa, 507; *Goodwin v. Providence Sav. L. Ass'n,* 97 Iowa, 226; *Seiler v. Economic L. Ass'n,* 105 Iowa, 87; *Corson v. Anchor Mut. Ins. Co.,* 113 Iowa, 641. " An evident purpose of this statute is that, when the application is made a part of the contract, . . . a true copy must be attached to the policy, so that the writings composing the contract 'may all appear together, and that the insured may be in possession of. the evidence of what his contract is." *Johnson v. Des Moines L. Ins. Co.,* 105 Iowa, 273.

With reference to a similar statutory provision in Pennsylvania the Supreme Court of that State has said: " It is well known that the evil aimed at in this legislation was the custom of insurance companies to put in their blank forms of application long and intricate questions or statements to be answered or made by the applicant, printed usually in very small type, and the relevancy or materiality not always apparent to the inexperienced, and therefore liable to become traps to catch even the innocent unwary. The general intent was to. keep these statements before the eyes of the insured, so that he might know his contract, and, if it contained errors, have them rectified before it became too late." *Lenox v. Greenwich Ins. Co.,* 165 Pa. 575 (30 Atl. 940). It is true this court has gone further than the Pennslyvania court in applying the statute, and has insisted upon compliance with it in reference to oral representations made to an agent. *Ellis v. Council Bluffs Ins. Co.,* 64 Iowa, 507. An earlier Pennsylvania case has already been cited with approval by this court in connection with the statement that " the effect of this provision is to exclude or eliminate from the contract all reference to an application a copy of which is not attached to the policy and to render ineffective all defenses based upon anything contained in such application. . . . We are, therefore, disposed to hold that, if the application be not attached in obedience to the statute, the policy should be

treated, construed, and enforced as if no written application had been made." *Rauen v. Prudential Ins. Co.,* 129 Iowa, 725.

Nothing said in any of our cases gives confidence to the thought, however, that a failure to incorporate or attach a true copy of the application in or to the policy should preclude the company from relying on any defense available to it under the terms of the policy as to which no reference to an application not incorporated or attached by copy is necessary. There is no language in this policy indicating a purpose or attempt on the part of the company to make any thing found in the application a part of the contract. The policy was complete in itself, and purports to contain all the terms and stipulations of the contract of insurance. If the company sees fit to ignore the statements and warranties of the application, and to issue a policy which purports to contain in plain terms all the stipulations and conditions of the contract, and such a policy is accepted by the assured as constituting the contract, we see no reason for holding that the company has, by omitting to incorporate or attach a copy of an application debarred itself from insisting upon the policy as written as constituting the complete and conclusive contract between the parties. The assured has no cause to complain if the company fails to give any consideration to his representations and warranties in the application. The provision of the last clause of the section, that the plaintiff may, in an action on the policy, at his option, prove the terms of an application or representation not incorporated in or attached to the policy by the company, evidently contemplates that the assured may prove such application and representation by way of estoppel or waiver to defeat some defense which the company might otherwise make under the provisions of the policy. If the company has been conversant with facts which constitute a breach of a condition precedent, and nevertheless delivers or gives effect to the policy containing such stipulation, it cannot afterwards rely

upon a breach of such condition precedent to defeat recovery under the policy, and the clauses of the statute referred to plainly indicate that the assured may prove the statements in the application for this purpose, although the company is not authorized to rely upon them by way of defense. *Newman v. Covenant Ins. Ass'n,* 76 Iowa, 56.

But we have not given countenance in any case to the thought that, for the purposes of precluding the company from relying on the stipulations and conditions of the policy, the plaintiff may prove that similar stipulations and conditions were contained in an application which the company failed to incorporate in or attach to the policy by copy. The contrary conclusion is plainly suggested in *MacKinnon v. Mutual F. Ins. Co.,* 89 Iowa, 170, where with reference to this statutory provision we said : " One of the purposes of this statute, if not the sole purpose, is to cause the parts of the contract of insurance to appear in or upon the policy. It is certainly not intended that representations appearing on the face of the policy should also appear by copy indorsed thereon or attached thereto. It is only allegations and representations of the assured that are made a part of the contract and which may affect its validity and that do not appear therein that are required to be indorsed upon or attached to the policy." And in that case it was held that evidence showing a breach of a warranty in the policy was admissible in behalf of the company, although it did not appear that there was not an application or representation on the subject to which the warranty in the policy related.

Counsel for appellee rely upon *Dunbar v. Phenix Ins. Co.,* 72 Wis. 492 (40 N. W. 386), a case decided under a statutory provision similar to the one we are now considering, in which it was held, as they claim, that if an insurance company fails to attach to a policy a true copy of an application, which is made a part thereof, or referred to therein, the statements made in such application will, as against such corporation, be conclusively presumed to be true. In that

case the company relied upon the falsity of a statement in the policy that it would be void if the property insured was incumbered, and the fact was not stated to the company in the written part of the policy, and it also relied on a representation in the application that the property was unincumbered. The evidence showed that the agent had inserted this statement in the application without the knowledge of the insured; and the court held that, as the agent had made an unauthorized statement on the subject in the application without calling the attention of the insured thereto, it could not rely upon a breach of the condition as to the same subject in the policy. This conclusion could well be supported on the ground that the unauthorized statement of the agent was binding upon the company. *Hingston v. Ætna Ins. Co.,* 42 Iowa, 46. And it is to be borne in mind that in the Wisconsin case the application was by reference made part of the policy, and should have been considered in construing it, but for the failure of the company to attach a copy; whereas in the case before us no reference whatever was made in the policy to any application. But, without attempting to fully fathom the reasoning of the Wisconsin court in the case cited, we are clearly of the opinion that the effect of failure to incorporate or attach an application by copy is to preclude the company from relying on any representations or statements in the application for the purpose of making out its defense, and that it is still open to the company to make any defense it may have under the terms of the policy without reference to such application; and this seems to be the view taken by the Wisconsin court in *Wilcox v. Continental Ins. Co.,* 85 Wis., 193 (55 N. W. 188), in which the company was allowed to rely upon a provision in the policy containing no reference to any written application or representation of the assured. The Wisconsin case last referred to and our own case of *MacKinnon v. Mutual F. Ins. Co., supra,* are cited by Mr. Cooley in his Briefs on Insurance Law in support of the proposition that the failure to attach the applica-

tion does not affect the admissibility of the policy itself, nor prevent the insurer from showing breach of conditions contained in the policy. I Cooley's Briefs of Law of Insurance, 687.

The purpose of the statute being to require all the terms of the contract and the representations affecting its validity to be embodied in the policy, it would evidently be violative of such purpose to allow the assured to prove that oral or written representations were made in an application not incorporated in or attached to the policy as required by statute, for the purpose of defeating the provisions of the policy which has been issued and accepted as containing such contract, save as the right is preserved to the insured by the last clause in the section to prove such representations in order to show that the company has, by issuing the policy with knowledge on the subject, waived breach of conditions or warranties found in the policy.

No complaint is made of the ruling of the court or the instructions with reference to the submission to the jury of the issues as to fraud or accidental loss, as to which there was a verdict for the plaintiff. But, on account of the rulings and instructions withdrawing from the jury any consideration of defenses based on the conditions and warranties contained in the policy, the judgment is *reversed.*

WEAVER, J., dissenting.