# HOUSTON OIL COMPANY OF TEXAS ET AL. v. GOODRICH ET AL.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 76.　Argued November 21, 22, 1917.—Decided January 7, 1918.

A writ of certiorari, if improvidently granted, will be dismissed. So *held* where the alleged errors consisted in refusing to submit certain questions to the jury in an action over the title to land, and where the rulings of the District Court depended essentially on an appreciation of the evidence and were concurred in by the Circuit Court of Appeals.

Writ of certiorari to review 226 Fed. Rep. 434, dismissed.

THE case is stated in the opinion.

*Mr. William L. Marbury* and *Mr. H. O. Head,* with whom *Mr. Oswald S. Parker* and *Mr. Thomas M. Kennerly* were on the briefs, for petitioners.

*Mr. William D. Gordon,* with whom *Mr. Harrison M. Whitaker, Mr. Eugene E. Easterling* and *Mr. Thomas J. Baten* were on the brief, for respondents.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

After hearing arguments upon the issues involved in this cause it seems clear that the writ of certiorari was improvidently granted and must be dismissed. *Furness, Withy & Co.* v. *Yang-Tsze Ins. Assn.,* 242 U. S. 430.

The controversy (presented in an action at law) is over title to a tract of land in Texas. Both parties claim under one Felder—petitioners through a deed said to have been

executed June 10, 1839, and respondents through one dated June 18, 1839.

As grounds for granting the writ petitioners alleged that the trial court erred in refusing to submit to the jury (1) whether the deed first dated was in fact executed (2) whether it was presented for record before execution of the later one (3) whether vendee in the junior deed was a *bona fide* purchaser for value (4) whether the junior deed was forged and (5) whether the action was barred by the three years statute of limitations. The propriety of submitting these matters depended essentially upon an appreciation of the evidence. Having heard it all the trial court concluded there was not enough in support of any one of petitioners' above stated claims to warrant a finding in their favor and the Circuit Court of Appeals reached the same result. 226 Fed. Rep. 434.

The record discloses no sufficient reason within the rule long observed why we should review the judgment below. *Forsyth* v. *Hammond*, 166 U. S. 506.

*Dismissed.*