[No. 18624.    Department One.    June 3, 1924.]

WASHINGTON FIRE RELIEF ASSOCIATION, *Appellant*, v. JAMES H. ALBRO *et al., Respondents.*[1]

INSURANCE (179)—ACTIONS ON POLICY—FRAUD—OTHER INSURANCE —EVIDENCE—ADMISSIBILITY. In an action by an insurance company to recover money paid on a fire insurance policy, paid on the fraudulent representation that there was no other insurance on the property, the written application is inadmissible where the company failed to deliver a copy with the policy as required by Rem. Comp. Stat., § 7075, in order to make it a part of the contract; but such failure does not preclude the company from showing false oral representations as to other insurance, where the policy itself provided that other insurance would avoid the policy; the strict rules of evidence being relaxed in actions for fraud in order to show every material circumstance.

SAME (179). In such action, testimony that the value of the insured property was a great deal less than the total insurance on it is admissible to show fraudulent intent.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered December 11, 1923, dismissing an action to recover money paid on a policy of fire insurance. Reversed.

*Trimble & Generaux,* for appellant.

*W. E. Bishop* and *C. D. Cunningham,* for respondents.

MACKINTOSH, J.—In August, 1923, the appellant, which is a mutual benefit fire insurance association,

[1]Reported in 226 Pac. 264.

issued a policy of fire insurance to the respondents insuring certain of their property in Lewis county. This policy contained the provision that "no applicant can be insured in any other company without the written consent of this association." Before the policy issued, the respondents made a written application for the insurance in which, it is alleged, they stated that there was no other insurance upon the property. On the 23d of March, 1923, the property had, however, been insured by the respondents in the Great American Insurance Company. When the appellant's policy was delivered to the respondents, there was not delivered with it the written application. On the 13th of August, 1923, the insured property was destroyed by fire, and proof of loss having been made, the appellant paid to the respondents the sum of $970. The respondents also were paid $1,000 by the Great American Insurance Company for the same loss. Thereafter the appellant discovered that the property had been previously covered by insurance by the policy of the Great American Insurance Company at the time appellant wrote its policy, and brought this action to recover the sum of $970, alleging that the respondents had secured the policy from the appellant by fraudulent means. Upon the trial, the court excluded the offer in evidence of the written application made by the respondents to the appellant, and also denied the appellant the right to introduce evidence of oral statements made by the respondents when applying for the insurance, to the effect that there was no other insurance upon the property, and statements of similar import by the respondents after the fire, at the time when they were seeking to collect the amount of the policy from the appellant, and also excluded evidence tending to show that the value of the insured property was a great deal less

than the total amount of the two policies, and the amount paid thereunder.

Section 7075, Rem. Comp. Stat. [P. C. § 2938], which is a part of the general insurance code, is:

"Every contract of insurance shall be construed according to the terms and conditions of the policy, except where the contract is made pursuant to a written application therefor, and such written application is intended to be made a part of the insurance contract, and the insurance company making such insurance contract, unless as otherwise provided by this act, shall deliver a copy of such application with the policy to the assured, and thereupon such application shall become a part of the insurance contract, and failing so to do it shall not be made a part of the insurance contract."

Under this section, the insurance company is not compelled to deliver a copy of the application for insurance with the policy, but if it fail to make such delivery, the application then does not become a part of the insurance contract, but the insurance contract shall then be construed according to its terms and conditions upon its face, without reference to what may have been contained in the application.

The effect of this statute in cases where the application has not been delivered with the policy is not to make the policy void, but to prevent the insurance company from pleading or proving any such application, or using any such application in any way to affect the policy itself. If there were no provisions in the policy itself relating to other insurance, then, in this case, the insurance company would be prevented from in any way raising that question. But the policy itself does make provision in regard to other insurance, and under § 7075, *supra,* which provides that it shall be construed according to its terms and conditions, it was open to the appellant to prove that representations had

been made in regard to other insurance, which, if false and fraudulent and operative to induce the entering into the contract of insurance, could be proven by any means other than the introduction of the application itself. The court, therefore, was in error in excluding the testimony offered to show representations and statements, other than those contained in the application, made by the respondents at the time they secured the policy, or when they were attempting to enforce payment thereunder.

The supreme court of Iowa, construing a statute somewhat similar to ours, in *Kirkpatrick v. London Guarantee & Accident Co.*, 139 Iowa 370, 115 N. W. 1107, 19 L. R. A. (N. S.) 102, after thoroughly discussing this question, held, as appears in the syllabus of that case, that:

"An insurance company is not precluded from relying on breach by the insured of conditions and warranties inserted in the policy by failure to attach to it a copy of the application, which is not referred to in the policy, although they are similar to those contained in the application, under a statute providing that omission to attach a copy of the application to the policy will preclude the company from alleging or proving any such application or representations, or falsity thereof or any parts thereof, in an action on the policy, but permits the insured to plead or prove the application or representation at his pleasure." (19 L. R. A. (N. S.) 102.)

That opinion follows a prior decision of the same court in *MacKinnon v. Mutual Fire Ins. Co.*, 89 Iowa 170, 56 N. W. 423, to the same general effect. The same court, in *Rauen v. Prudential Ins. Co. of America*, 129 Iowa 725, 106 N. W. 198, said:

"We are therefore disposed to hold that, if the application be not attached in obedience to the statute,

the policy should be treated, construed, and enforced as if no written application had been made.''

The only case apparently holding to the contrary, and relied on in this phase of the case by the respondents, is *Dunbar v. Phenix Ins. Co.,* 72 Wis. 492, 40 N. W. 386. That case is thoroughly discussed by the Iowa court in the *Kirkpatrick* case, *supra,* where it is both distinguished and repudiated. The supreme court of Wisconsin, in the later case of *Wilcox v. Continental Ins. Co.,* 85 Wis. 193, 55 N. W. 188, seems to have receded from its prior holding, the later case following the Iowa rule and holding that the failure to deliver the copy of the application with the policy merely precluded the company from relying on any statements in the application, but that it was open to the company to make any defense that it might have, under the terms of the policy itself, without reference to the application, and in that case the company was allowed to rely on a provision of the policy with no reference being made to the written application.

The superior court of Pennsylvania, in *Moore v. Bestline,* 23 Pa. Super. Ct. 6, said:

''The law seems to be well settled that where the application is not attached to the policy the case is to be considered and disposed of as if no such paper existed. In other words the failure to comply with the act of 1881 renders the *application* void.''

The appellant's action being founded on fraud, the general rule covering actions of that character is applicable, that ''the strict rules of evidence are relaxed in order that every material circumstance, though remote, be shown.'' *Champneys v. Irwin,* 106 Wash. 438, 180 Pac. 405. The testimony offered to show the value of the property insured should have been admitted for the purpose of showing the fraudulent intent of the respondents.

The respondents argue that the provision against other insurance contained in the policy is one that can be waived by the insurance company, which, of course, is true, and that if no representations of any kind have been made by the respondents as to any other insurance, the fact that there was other insurance would not vitiate the policy; that is, respondents' mere silence was not a representation that the property was uninsured, and this quotation from *Dooly v. Hanover Fire Ins. Co.*, 16 Wash. 155, 47 Pac. 507, 58 Am. St. 26, is made use of:

"The court in that case found that the existence of the mortgage on the property was a fact material to the risk, but that, no inquiries having been made by the agent of the insurance company as to the condition of the title to the property, and the insured having said nothing about the existence of the mortgage, for the reason that he did not know that it was his duty to disclose the existence of a mortgage, it was not, under the circumstances, a representation that the insured property was free from the mortgage."

The cases of *Neher v. Western Assurance Co.*, 40 Wash. 157, 82 Pac. 186, and *Gregerson v. Phenix Fire Ins. Co.*, 99 Wash. 639, 170 Pac. 331, L. R. A. 1918E 521, to similar effect are cited. The answer to this argument is that were this case one where the application was not permissible in evidence and no other representations had been made concerning other insurance, then the court would hold that the provision of the policy against other insurance had been waived, but the appellant in this case offered to show that representations had been made concerning other insurance, and this was the evidence which the court excluded, and improperly.

The cause is remanded with instructions to grant a new trial, at which the appellant may introduce evi-

dence attempting to establish its allegations that false and fraudulent means were resorted to in securing the policy, although the application is inadmissible for any purpose, and allowing the appellant to introduce evidence as to statements made by the respondents in regard to other insurance, both at the time of procuring the policy and procuring a settlement thereunder, and also evidence in regard to the value of the property as affecting the question of whether the respondents were over-insuring the property, as indicating fraudulent intent. Reversed.

MAIN, C. J., HOLCOMB, TOLMAN, and PARKER, JJ., concur.