## Metropolitan L. Ins. Co. *v.* Scott.

(Division A.   May 4, 1931.   Suggestion of Error Overruled June 1, 1931.)

[134 So. 159.  No. 29364.]

Wells, Jones, Wells & Lipscomb and **W. R. Newman, Jr.**, all of Jackson, for appellant.

538

Kennedy & Geisenberger, of N'atchez, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, Clarence Scott, administrator of the estate of Hattie Scott, deceased, instituted this suit in the

circuit court of Adams county against the appellant, Metropolitan Life Insurance Company, seeking to recover on a policy of life insurance for five hundred dollars issued to the said Hattie Scott, and payable, in the event of death of the insured prior to the date of the maturity of the endowment, to the executor or administrator of the insured. Upon the trial of the cause there was a verdict and judgment in favor of the appellee, which was entered in pursuance of a peremptory instruction so directing, and from this judgment this appeal was prosecuted.

The policy of insurance was issued by the appellant on the 1st day of October, 1929, and the insured died on the 23d day of December, 1929. The policy, the original of which was filed as an exhibit to the declaration, provided, among other things, that "if, (1) the insured is not alive or is not in sound health on the date hereof; or if (2) before the date hereof, the insured has been rejected for insurance by this or by any other company, order or association, or has, within two years before the date hereof, been attended by a physician for any serious disease or complaint, or, before said date, has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such rejection, medical attention or previous disease is specifically recited in the 'Space for Indorsements' on page 4 in a waiver signed by the secretary or an assistant secretary; or if (3) any policy on the life of the insured hereunder has been previously issued by this company and is in force at the date hereof, unless the number of such prior policy has been endorsed by the company in the 'Space for Endorsements' on page 4 hereof (it being expressly agreed that the company shall not, in the absence of such endorsement, be assumed or held to know or to have known of the existence of such prior policy, and that the issuance of this policy shall not be deemed a waiver of such last mentioned condition), then, in any such case, the company may declare this policy void and the liability of the com-

pany in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case all premiums will be forfeited to the company.''

To the declaration the appellant filed a plea of the general issue and three special pleas, setting up as a defense to the policy that the company agreed to pay the face amount of the insurance ''subject to the conditions below and on page 2 hereof, each of which is hereby made a part of this contract, and contracted by the insured and every person entitled to claim hereunder to be a part hereof,'' and 'that under the heading of ''Conditions'' on page 2 of said policy contract are found the provisions quoted above, and particularly set forth that on the date of the policy the insured was not in sound health, that within two years before the date of the policy she had been attended by a physician for a serious disease or complaint, and that on or before the date of the policy the insured had serious pulmonary diseases and diseases of the kidneys and liver, to-wit, interstitial nephritis, or Bright's Disease, grippe, and acidosis. These several pleas further averred that there were no waivers whatever of said conditions indorsed on the policy and that, on account of the breaches of the above-quoted conditions, the appellant had exercised its contract right to declare the policy' sued on void, and had offered to return to appellee the premiums paid on said policy, and tendered into court with said pleas the amount of said premiums, and all costs incurred to the date of such tender.

To these special pleas the appellee filed replications averring, in substance, that he ought not to be barred of recovery by reason of anything set up in said pleas, because the said appellant required the insured, Hattie Scott, to sign a written application and make answers to questions therein contained; that the answers of said

insured to these questions show that at the time she made such application she was in sound health, and was not suffering from any of the diseases or complaints mentioned in said pleas, and that she had not been under the care of a physician within two years. It further set up that neither the original nor a copy of said application was delivered to the insured with the contract of insurance issued to her by appellant, and that, under and by virtue of the provisions of section 5174, Code of 1930, the appellant cannot now deny in any court of this state that any of the statements contained in said application are true.

To these several replications appellant first filed demurrers which were overruled; thereupon it filed rejoinders, which, in substance, averred that it ought not to be precluded from setting up and proving the facts stated in its several special pleas by reason of the application for insurance not having been attached to the policy of insurance, because the policy of insurance sued on constitutes the entire contract between the appellant and the insured, and said application for insurance is not made a part of the contract for insurance, but the policy itself sets up that it is the entire agreement between the appellant and the insured, and consequently there was no necessity for attaching said application to the policy or delivering a copy to the insured in order for it to be able to set up and prove the defenses to said policy of insurance set forth in its special pleas; that it is not setting up or relying upon misrepresentations in the application for the policy of the insurance, but is relying solely and wholly upon breaches of the conditions precedent to the policy taking effect as contained in the policy itself, irrespective of the application, the conditions hereinbefore quoted being again set forth at length. Demurrers to these rejoinders were overruled, and thereupon the cause proceeded to trial.

There was testimony offered tending to support the pleadings of respective parties, and, at the conclusion

thereof, the court excluded all the testimony offered by the appellant to support the defenses set up in the several special pleas, on the ground that a copy of the application, was not delivered with the policy, and that consequently, by reason of the provisions of section 5174, Code of 1930, the appellant was not permitted to deny any of the statements in said application.

This ruling of the court, as well as its rulings on the demurrers to the replications to the appellant's second and third special pleas, presents for decision the question of whether or not evidence may be offered to show a breach of express conditions and warranties contained in a policy of insurance when the establishment of such a breach would have the effect of denying or showing the falsity of representations contained in an application for insurance, which was in no way referred to in the policy and was not attached to the policy or delivered to the insured.

Section 5174, Code of 1930, reads as follows: ''All life insurance companies doing business in the state of Mississippi shall deliver to the insured with the policy, certificate or contract of insurance in any form a copy of the insured's application, and in default thereof said life insurance company shall not be permitted in any court of this state to deny that any of the statements in said application are true.''

The contention of the appellee in the lower court and on this appeal is that, since the insured represented in the application that she was of sound health and had not within two years been attended by a physician for any serious disease or complaint, and that on or before the date of the policy she had not had any of the enumerated diseases, the appellant will not be permitted to show a breach of conditions or warranties in the policy relating to the same subject-matter, for the reason that no copy of the application was delivered to the insured with the policy.

The appellant by its pleadings did not rely upon the falsity of any statements or the breach of any warranty found in the application itself, but relied exclusively upon the terms of the policy as the basis of the defenses interposed, and it contends that the existence of an application not incorporated into or attached to the policy by reference, and not delivered to the insured with the policy, does not preclude it from relying on breaches of conditions or warranties contained in the policy itself.

One evident purpose of the statute requiring the delivery to the insured of a copy of the application is to exclude or eliminate from the contract an application, a copy of which is not delivered to the insured with the policy, and to render ineffective any defenses or attempted defenses based upon anything contained in such application, but it does not follow that a failure to incorporate in or attach to the policy a copy of the application will preclude the company from relying on any defenses available to it under the terms of the policy. In the policy here involved there is no language or provision indicating a purpose or attempt on the part of the appellant company to make anything found in the application a part of the contract. The policy was complete in itself, and purports to contain in plain language all the terms, conditions, and stipulations of the contract, and we do not think the company is precluded from relying on the express conditions and stipulations appearing on the face of the policy, by reason of the fact that the application contained representations or stipulations in reference to the same subject-matter. When the company chose to ignore the statements and representations appearing in the application, and incorporated in the policy in plain terms the conditions and stipulations upon which its validity should rest, and the policy was accepted by the insured as constituting a contract, it had the right to make any defenses it might have under the terms of the policy, without reference to such application.

In support of the views above expressed, we refer to the case of Kirkpatrick v. London Guarantee & Accident Co., Ltd., 139 Iowa, 370, 115 N. W. 1107, 19 L. R. A. (N. S.) 102, and authorities there cited, wherein the supreme court of Iowa had under consideration a statute which, in effect, is practically the same as section 5174, Code of 1930, and in a well-reasoned opinion reached a conclusion in accord with the views above expressed.

It follows from the views herein expressed that the appellant's demurrers to the replications to the second and third special pleas should have been sustained, and that the court below committed error in excluding the evidence tending to support the averments of the several special pleas. In addition to the averments of the replication to the first special plea in reference to the application and the failure of the appellant to deliver a copy thereof to the insured, this replication contained a traverse of the averments of the plea, and the general demurrer to this replication was properly overruled. For the errors indicated above, however, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.