## WASHINGTON FIDELITY NATIONAL INSURANCE CO. *v.* BURTON.

No. 22. Argued October 20, 1932.—Decided November 7, 1932.

*Mr. Gilbert L. Hall*, with whom *Messrs. Walter C. Clephane* and *J. Wilmer Latimer* were on the brief, for petitioner.

*Mr. W. Gwynn Gardiner,* with whom *Mr. George A. Maddox* was on the brief, for respondent.

*Messrs. Benjamin S. Minor, H. Prescott Gatley,* and *Arthur P. Drury,* by leave of Court, filed a brief as *amici curiae.*

MR. JUSTICE BUTLER delivered the opinion of the Court.

Respondent sued in the municipal court of the District of Columbia to recover the amount of an insurance policy issued by petitioner December 12, 1927, on the life of her husband, who died May 22, 1929. The policy was delivered to the insured and all premiums were paid in the District of Columbia where he lived. Adequate proof of death, plaintiff's demand for payment and defendant's refusal to pay were conceded. The policy contained these provisions: " This Policy constitutes the entire agreement between the Company and the Insured and the holder and owner hereof. . . . If the Insured . . . is not in sound health on the date hereof . . . the Company may declare this Policy void . . ." Section 657 of the District Code (Act of March 3, 1901, 31 Stat. 1294, as amended by Act of June 30, 1902, 32 Stat. 534) provides: " Each life insurance company, benefit order and association doing a life insurance business in the District of Columbia shall deliver with each policy issued by it a copy of the application made by the insured so that the whole contract may appear in said application and policy, in default of which no defense shall be allowed to such policy on account of anything contained in, or omitted from, such application." The company did not deliver with the policy or otherwise a copy of an application therefor. Indeed, there was no evidence that any had been made. Defendant offered evidence to show that, at the date of the issue of the policy, the insured was not in sound health. Plaintiff objected on the ground that no copy of the application

was delivered with the policy. The court, relying on the statute, sustained the objection and refused to permit defendant to interpose that defense and gave judgment for plaintiff. The Court of Appeals affirmed. 56 F. (2d) 300.

The sole question is whether § 657 was rightly construed.

The Court of Appeals assumed as a matter of common knowledge that life insurance polices are issued on written applications and that in this case one had been made by the insured. Without deciding whether that assumption is warranted, we shall consider the case as if it were shown that the assured applied in writing for the insurance in question. In the absence of a statute forbidding it, contracts of insurance may be made orally. *Relief Fire Ins. Co.* v. *Shaw,* 94 U. S. 574. There is no such prohibition in the District of Columbia. In § 657 the word "policy" and the phrase "a copy of the application" plainly indicate that writings are meant (*Trustees of the First Baptist Church* v. *Brooklyn Fire Ins. Co.,* 19 N. Y. 305, 308), and that the statute does not extend to oral applications. The construction generally put upon enactments like the one before us indicates that the principal if not the only purpose is that, if there be an application, a copy of it shall be attached to or otherwise delivered with the policy so that the documents showing the entire agreement shall be made available to the insured.* That serves to guard the insured against misunderstanding as to his contract and, in case of controversy with the company, to protect him against sur-

*MacKinnon & Co.* v. *Mut. Fire Ins. Co.,* 89 Ia. 170; 56 N. W. 423. *Rauen* v. *Insurance Co.,* 129 Ia. 725; 106 N. W. 198. *Kirkpatrick* v. *Accident Co.,* 139 Ia. 370; 115 N. W. 1107. *Lenox* v. *Insurance Co.,* 165 Pa. 575; 30 Atl. 940. *Washington Fire Relief Assn.* v. *Albro,* 130 Wash. 114; 226 Pac. 264. *Metropolitan L. Ins. Co.* v. *Scott,* 160 Miss. 537; 134 So. 159.

prise, inconvenience and danger of injustice liable to arise where the policy does not contain the entire agreement and refers for parts of it to applications or other papers. That purpose is reflected clearly by the clause that, in default of the required delivery of a copy of the application, no defense shall be allowed to such policy on account of anything " contained in, or omitted from, such application." And the barring of such defenses is the only consequence declared to result.

Here the policy definitely declares that it constitutes the entire agreement between the parties. The defense interposed is based solely on one of its provisions and has no relation to the application. The section does not require written applications to be made or declare that, where one is made but not delivered with the policy, there shall be no defense based on the provisions of the policy itself. And no reason is suggested in support of a construction of the section that would prevent defense based on a provision of the policy even though a similar or the same provision were contained in an application. As this policy expressed the entire agreement defendant, notwithstanding its failure to deliver a copy of the application, was entitled to interpose such defenses as would have been open to it if no application had been made. *MacKinnon & Co.* v. *Mut. Fire Ins. Co.,* 89 Ia. 170, 173; 56 N. W. 423. *Imperial F. Ins. Co.* v. *Dunham,* 117 Pa. 460, 473; 12 Atl. 668. It follows that § 657 furnishes no support for the refusal of the trial court to permit defendant to show that the insured was not in sound health when the policy was issued.

*Judgment reversed.*

Mr. Justice Stone, dissenting.

If an insurance policy is issued on written application and the company fails to deliver a copy of it to the in-

sured, along with the policy, the District statute, in terms, provides that "no defense shall be allowed to such policy on account of anything contained in or omitted from the application." In this case it does not appear that there was any written application, and as the defense was based on a clause contained in the policy, which purported to embody the "whole contract," no case was presented calling for the application of the statute, or which would enable a court to say just what force should be given to its prohibition in a case where the written application, not delivered with the policy, is in evidence. For that reason the case should be reversed if it is not, for other reasons, to be dismissed.

I think it should be dismissed. The certiorari was granted upon a petition which set forth as grounds for its allowance that the court below, in construing the prohibition of the statute, had "decided erroneously a question of general importance" and that the decision "is in conflict with all decisions in other jurisdictions involving similar statutes and therefore tends to unsettle the law." Upon the briefs and the argument the statutes of many states were quoted, prescribing the legal consequences of the failure of the insurer to deliver to the insured, with the policy, a copy of the written application. Most of them provide only that in such cases the application is not to be considered a part of the policy or received in evidence in a suit brought upon it. None contain language like that of the present statute prohibiting any defense on the policy "on account of anything contained in or omitted from" the application, and we have been cited to no decision of any court outside the District of Columbia in which that language or any resembling it has been considered.

It thus appears that the construction of the statute which we were asked to review is not in the case, and even if it were, it is of local significance only. The conflict of

decisions asserted is not shown. Plainly the question is not of such general interest or importance as under the rules and practice of this Court warrants its review upon certiorari. For these reasons it is the duty of this Court to dismiss the writ as improvidently granted. *Tyrrell* v. *District of Columbia*, 243 U. S. 1; *Southern Power Co.* v. *Public Service Co.*, 263 U. S. 508; *Houston Oil Co.* v. *Goodrich*, 245 U. S. 440; *Layne & Bowler Corp.* v. *Western Well Works*, 261 U. S. 387; *Furness, Withy & Co.* v. *Yang-Tsze Insurance Assn.*, 242 U. S. 430.

If the writ is not to be dismissed and the case is to be decided on the construction of the statute, the Court's reversal of the judgment, in the absence of the application which, for purposes of decision, it assumes to exist, can only proceed on the ground that under no circumstances could a defense based on a clause in the policy itself be said to be one " on account of anything contained in or omitted from the application." With that conclusion I am unable to agree. The defense here was that the insured was not in sound health at the date of the policy. Petitioner sought to establish it by showing that the state of health of the insured, then deceased, had been bad for several years before the policy was issued. If the written application were before the Court and revealed that the insured had been asked about his condition of health and had either answered fully and truthfully, or not at all, it would show, I think, that the defense, within the very meaning and purpose of the statute, was " on account " of something " contained in or omitted from the application," and that the petitioner was precluded from making it.

MR. JUSTICE BRANDEIS concurs in this opinion.