**NEW YORK LIFE INS. CO. v. ODOM et al. (two cases).**

**Nos. 8572, 8573.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 28, 1937.

Shepard Bryan and W. Colquitt Carter, both of Atlanta, Ga., and R. Lanier Anderson, Jr., of Macon, Ga., for appellant.

Jno. R. L. Smith, of Macon, Ga., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, New York Life Insurance Company, brought these two suits in equity against the insured and the beneficiaries, seeking cancellation of two policies of life insurance and cancellation of their reinstatement, on the ground that the insured had given false answers to questions material to the risk in applications for the reinstatement of the policies, after they had lapsed for nonpayment of premiums. The cases were tried together and submitted on practically the same evidence. The appeals are from judgments dismissing the bills.

The District Court found the material facts substantially as follows:

(No. 8572). On January 17, 1920, appellant issued its policy of life insurance, No. 6,644,320, to Sherman E. Odom, in the sum of $5,000. His wife, Mamie C. Odom, was named as beneficiary. Later, Bertha O. Stephens, his sister, was substituted as beneficiary. (No. 8573). On June 1, 1933,

appellant issued another policy, No. 15,-229,839, to Odom in the sum of $5,000, with Mamie C. Odom, his wife, as beneficiary. Both policies contained the following provisions:

"Miscellaneous Provisions.—The Policy and the application therefor, copy of which is attached hereto, constitute the entire contract. All statements made by the Insured shall, in absence of fraud, be deemed representations and not warranties, and no such statement shall avoid the Policy or be used in defense to a claim under it, unless it be contained in the written application and a copy of the application is indorsed upon or attached to this Policy when issued. The Insured may, without the consent of the beneficiary, receive every benefit, exercise every right and enjoy every privilege conferred upon the Insured by this Policy. No agent is authorized to waive forfeitures, or to make, modify or discharge contracts, or to extend the time for paying a premium."

"Reinstatement.—At any time within five years after any default, upon written application by the Insured and upon presentation at the Home Office of evidence of insurability satisfactory to the Company, this Policy may be reinstated together with any indebtedness in accordance with the loan provisions of the Policy, upon payment of loan interest, and of arrears of premiums with five per cent interest thereon from their due date."

"Incontestability.—This Policy shall be incontestable after two years from its date of issue except for non-payment of premium."

The original applications contained the following provisions:

"I agree as follows:

"3. That only the President, a Vice-President, a Second Vice-President, a Secretary or the Treasurer of the Company can make, modify or discharge contract, or waive any of the Company's rights or requirements and that none of these acts can be done by the agent taking this application."

The policies lapsed for nonpayment of premiums. Odom applied for reinstatement of the first policy on June 13, 1934, and for the reinstatement of the second policy on April 24, 1934, in each case signing an application in terms as follows:

"Application to the New York Life Insurance Company, Home Office: 51 Madison Avenue, Madison Square, New York, N. Y. For Reinstatement of Policy No. 6644320—Amount $5,000.

"I hereby apply for the Reinstatement of the above numbered policy which lapsed for nonpayment of premium due on the 17th day of January, 1934, for the purpose of inducing the Company to reinstate said Policy, I make the representations contained in my answers to the following questions:

"1. Are you now, to the best of your knowledge and belief, in the same condition of health as you were when this Policy was issued? (If not, give details.) Ans. Yes.

"2. Within the past two years have you had any illnesses, diseases or bodily injuries or have you consulted or been treated by any physician or physicians? (If so, give full details, including nature, dates and duration of each illness, disease or injury, the name of each physician, and the dates of and the reasons for consultation or treatment).—Ans. No.

"3. Has any Company or Insurer, within the past two years, examined you either on, or in anticipation of, an application for life insurance, or for the reinstatement of life insurance, Without issuing or reinstating such insurance? (If so, give name of each Company or Insurer.)—Ans. No.

"If the evidence of any insurability is satisfactory to the Company and it has received all sums the Policy requires to be paid for reinstatement, then, and not until then, said Policy shall be deemed reinstated. If said Policy is not so reinstated, I agree to accept return of all sums paid in connection with this application, without interest.

"I hereby certify that the foregoing answers are full, complete and true, and agree that the Company believing them to be true shall rely and act thereon.

"Dated, Macon, Ga. this 13th day of June, 1934.

"Signature of Insured:
    "Sherman E. Odom."

The reinstatements were arranged for him by R. M. Foster, a soliciting agent of appellant, who was authorized to perform such services, and who signed the applications as a witness. The answers to the first and second questions were untrue. The false answers were inserted in the applications by Foster, who did not know whether they were true or false and considered the applications for reinstatement a matter of routine. The applications were transmitted to Hollingsworth, cashier for

the company in Atlanta, who had authority to approve them and did so. The necessary premiums were paid and the policies were reinstated. In September, 1934, appellant learned that the answers were false, and on October 2, 1934, notified the insured and the beneficiaries the reinstatements were rescinded. Odom did not know his policies had lapsed until he received these notices. The insured was alive when the cases were decided. There was no fraud or intent to deceive or mislead the company on the part of the insured about the reinstatements. The payments made on the reinstatements were tendered to the insured and declined. Copies of the applications for reinstatement were not attached to the policies, nor given to the insured until requested, after notice of rescission was given.

Error is assigned to the findings that the insured did not know his policies had lapsed and was not guilty of fraud. The assignments are not without merit. Without reviewing the evidence extensively, it is sufficient to say that it is certain the insured knew he was seriously ill and under the care of a doctor when the applications for reinstatement were made out. It is also certain he signed them, although the answers to the questions were inserted by Foster. There is some conflict in the evidence as to whether the answers to one of the applications were inserted in his presence after consultation with Foster. On the whole, the insured's own testimony, in one interpretation of it, tends to create a strong presumption that he knew his policies had lapsed; that he knew they could not be reinstated considering his condition of health at the time and the fact that he had consulted a physician; and that, while he was not willing to make false answers to the questions, he took the chance that Foster would fill in such answers as were necessary to secure the reinstatements. However, this is comparatively unimportant.

■ It was the duty of the insured to disclose any change in his condition of health that would prevent the reinstatements of the policies. Stipcich v. Metropolitan Life Ins. Co., 277 U.S. 311; 48 S. Ct. 512, 72 L.Ed. 895. To secure reinstatement he was obliged to present evidence of insurability satisfactory to the company. This necessarily means truthful evidence and was a condition precedent to reinstatement. Until that was done there was no meeting of minds between the contracting parties. The insured was bound by his application for reinstatement, verified by his signature, and his certificate that the answers were full, complete, and true, regardless of who filled in his answers. There is no doubt that on the facts as found by the District Court the reinstatements were voidable. Jefferson Standard Life Ins. Co. v. Stevenson, 5 Cir., 70 F.2d 72; Broughton v. Equitable Life Assur. Soc., 5 Cir., 71 F.2d 821.

■ As against this appellees pleaded estoppel, based on the acts of Foster in filling in the answers and of Hollingsworth in accepting the applications and approving them. Reliance is had upon a statute of Georgia, which, in effect, makes a soliciting agent of an insurance company its agent for all purposes. Georgia Code 1933, § 56-501. Giving it the fullest effect, it does not go to the extent of making a soliciting agent an officer of the company authorized to create a new contract, which would be necessary to validate reinstatement of a lapsed policy on false evidence of insurability, contrary to the provisions of the policy. Mutual Life Ins. Co. v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202; New York Life Ins. Co. v. McCarthy, 5 Cir., 22 F.2d 241.

■ Since the insured furnished false evidence which was relied upon by the insurance company, he was guilty of fraud in law which would avoid the policy, whether he was in good or bad faith and whether he intended to deceive or not. Georgia Code 1933, §§ 37-702, 37-703, 37-704, 56-820, 56-821; Newman v. Claflin Co., 107 Ga. 89, 32 S.E. 943; Supreme Conclave Knights of Damon v. Wood, 120 Ga. 328, 47 S.E. 940; New York Life Ins. Co. v. Hollis, 177 Ga. 805, 171 S.E. 288; Pacific Mutual Life Ins. Co. v. Manley, D. C., 27 F.2d 915, affirmed, 5 Cir., 35 F.2d 337. It is elementary that one who is guilty of fraud cannot urge estoppel against the other party to the contract for the purpose of making his fraud effective. In addition to that, neither Hollingsworth or Foster did anything that would support the plea of estoppel. If either had known that the answers were untrue, a different case might have been presented, but on the evidence before us we are not required to consider or decide that question.

■ Appellees raise the defense that the applications for reinstatement cannot be relied upon by the company in a suit to cancel the policies and their reinstatement because they were not attached to the poli-

cies and therefore not to be considered part of the contract. Reliance is had upon the provisions of the policy and a statute of Georgia. Georgia Code 1933, § 56-904. The provisions of the policy do not contemplate that an application for reinstatement should be attached to it. And, where an insurance company is seeking to cancel a policy on the ground of fraud in its procurement, it is not precluded from offering the application in evidence, although not attached. Johnson v. American Nat. Life Ins. Co., 134 Ga. 800, 68 S.E. 731; Washington Fidelity Nat. Ins. Co. v. Burton, 287 U.S. 97, 53 S.Ct. 26, 77 L.Ed. 196, 87 A.L.R. 191; New York Life Ins. Co. v. McCarthy, supra.

 As a further defense appellees pleaded the incontestability clause of two years. The suits were begun more than two years after the policies were issued, but less than two years after they were reinstated. It is well settled that the incontestability clause begins to run anew from the date of reinstatement. Wallach v. Aetna Life Ins. Co., 2 Cir., 78 F.2d 647, and authorities therein cited.

Other points raised by the parties require no discussion. The judgments dismissing the bills were wrong. They are reversed and the causes remanded. with instructions to enter judgments in favor of appellant canceling the policies and canceling their reinstatement, costs in both courts to be taxed against appellees.