## PULLEN v. SUN LIFE INS. CO. OF AMERICA.

### No. 7760.

United States Court of Appeals for the District of Columbia.

Argued March 13, 1941.

Decided June 16, 1941.

Samuel W. McCart, of Washington, D. C., for appellant.

Benjamin S. Minor, Arthur P. Drury, John M. Lynham, and John E. Powell, all of Washington, D. C., for appellee.

Before GRONER, C. J., and MILLER and VINSON, JJ.

GRONER, C. J.

This is a companion case to Eureka-Maryland Assurance Corp. v. Gray, No. 7643, —— App.D.C. ——, 121 F.2d 104, and was submitted at the same time. This suit was brought by the beneficiary in a policy of industrial life insurance. The policy provided that, if within two years of the date of issue the insured had received treatment or been attended by any physician for any serious disease, then in such case the policy should be voidable unless reference to such treatment was indorsed on the policy. The policy was dated June 20, 1938, and provided that it constituted the entire agreement. There was, however, admittedly an application, and on demand of the plaintiff this was produced and offered in evidence. There were no indorsements on the policy showing that insured had ever been attended by a physician for a serious disease or had ever received treatment in a hospital. The application, which plaintiff introduced in evidence, showed that insured had stated that he had never had tubercu-

losis, chronic bronchitis, cancer, sarcoma, diabetes, syphilis, anemia, or disease of the heart, liver, kidneys, blood vessels, or stomach, and that he had never received or applied for treatment in any hospital, dispensary, sanatorium, or other institution.

■ After the plaintiff had proved the policy, payment of the premium, and the death of the insured, and had rested, the defendant offered in evidence the hospital and clinical records of Georgetown Hospital showing that insured had been a patient at the hospital clinic on December 21, 1937, January 7 and 14, March 9 and 20, April 12 and 26, and on May 10 and June 14, 1938; that he had been admitted to Georgetown Hospital on January 17, 1938, and remained there as a patient until his discharge on February 24, 1938; and that on each of these occasions and while a patient in the hospital the insured had received treatment and been attended by one or more physicians. Plaintiff objected to the admission of these records, on the ground that she had proved that there had been a written application for the policy of insurance and that neither the application nor a copy was attached to the policy; that the application covered the question of medical attention prior to the application and that under the provisions of Title 5, Sections 181b and 183, of the Code of Laws of the District of Columbia, the defendant was precluded, by its failure to attach a copy of the application to the policy, from offering any evidence to support a defense of breach of contract by the insured based on medical treatment of the insured prior to the application. There was some other medical evidence as to the cause of death, as well as evidence as to the length of time insured had suffered from arteriosclerotic heart disease and had received treatment for this from physicians, and the admission of this evidence was ob-

jected to on the same grounds, namely, that the failure of the insurer to attach to the policy of insurance a copy of the application precluded any defense to the suit. In Eureka-Maryland Assurance Corp. v. Gray, supra, we held on the authority of Washington Fid. Ins. Co. v. Burton, 287 U.S. 97, 53 S.Ct. 26, 77 L.Ed. 196, 87 A.L.R. 191, that Section 183, Title 5, of the District of Columbia Code does not prevent an insurance company from basing a defense upon a voidability provision in the policy where the policy by its terms constitutes the entire agreement, although the policy was issued upon a written application and no copy of the application was delivered with the policy. We likewise held that there was nothing in Section 181b, Title 5, of the Code which changed the rule in the Burton case.

■ As this case was tried on this single point and no objection to the introduction of the medical evidence was made except that no defense at all was permissible under the statute, we have no occasion to consider its admissibility otherwise. The trial court in this case instructed a verdict for the defendant, and as the uncontradicted evidence unmistakably showed bad faith on the part of the insured in obtaining the insurance, the instruction of the court was clearly correct, and the judgment is, therefore, affirmed.

Affirmed.

VINSON, Associate Justice.

I concur except for the language which states that § 181b in no way alters the full force and effect of the rule of the Burton case. See dissenting opinion in Eureka-Maryland Assurance Corporation v. Gray, 73 App.D.C. ——, 121 F.2d 104, decided this day.