[No. 23186. Department Two. December 18, 1931.]

GEORGE FRASER, *Individually and as Executor, Appellant,* v. METROPOLITAN LIFE INSURANCE COMPANY, *Respondent.*[1]

*John M. Boyle, Jr.,* and *George E. Mathieu,* for appellant.

*Preston, Thorgrimson & Turner,* for respondent.

MAIN, J.—This action was based upon a life insurance policy. In its answer, the defendant affirmatively pleaded a breach of the conditions of the policy by the

[1] Reported in 5 P. (2d) 978.

insured. The cause was tried to the court without a jury, and resulted in findings of fact, from which it was concluded that no recovery could be had. From the judgment entered dismissing the action, the plaintiff appeals.

The facts are these: May 28, 1928, the respondent issued its policy of industrial life insurance on the life of Florence Fraser in the amount of three hundred fifty dollars, naming as beneficiary therein the executor or administrator of the insured. The policy contained this provision:

"If (1) the insured is not alive or is not in sound health on the date hereof; or if (2) before the date hereof the insured . . . has within two years before the date hereof been treated by a physician for any serious illness or complaint . . . then in any such case, the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case all premiums will be forfeited to the company."

The policy was issued without a previous physical examination of the insured by a physician.

The insured died August 3, 1928. On the date of the policy, the insured was not in sound health, and she had within two years prior to that date been attended by a physician for a serious disease. After the death of the insured, proofs of death were made, and from these it appeared that the insured was not in sound health on the date of the policy, and had within two years prior to that time been attended by a physician for a serious illness. The respondent thereupon declared the policy void and tendered back the premiums on it, which amounted to six dollars. The tender was refused, and the money was paid into the registry of the court.

Along with the proofs of death, there were turned over to the respondent the policy of insurance and the premium receipt books, and the respondent agreed to return the policy and the receipt books if the claim was not paid. The respondent lost or mislaid the policy and the receipt books, and was unable to return them. It at no time denied the existence of the policy or the regular receipt by it of the necessary premiums thereon.

It is first contended that there was no legal evidence introduced in the case to prove that the policy issued contained the provisions which appear in the excerpt above quoted. Upon the trial, evidence was introduced to the effect that the policy had been lost or mislaid and could not be found, and a form of policy was offered and received in evidence, which, the testimony showed, was the same form of policy as had been issued to Florence Fraser. The evidence offered and received makes it plain that the form of policy received was the same as the one upon which the action was based.

It is next contended that, even if the policy contained the provisions mentioned, the appellant was nevertheless entitled to recover because the respondent had no right to cancel the policy after the loss had occurred. The policy provided that, if the insured was not alive or in sound health on the date thereof, or if, before the date thereof, the insured within two years had been treated by a physician for a serious illness, the respondent could declare the policy void and

" . . . the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case all premiums will be forfeited to the company."

The language of the policy contemplates that, if it is breached by the insured for the reasons stated therein, the respondent would have the right to declare the policy void when a claim was presented. It being a life policy, the claim necessarily would be presented after the death of the insured occurred. In *Logan v. New York Life Ins. Co.*, 107 Wash. 253, 181 Pac. 906, there was quoted with approval the rule stated in 14 R. C. L., p. 900, § 78, as follows:

"Where a completed contract of life insurance exists it is immaterial that the insured was not in good health at the time of the delivery of the policy evidencing the contract. However, applications for policies of life insurance, as well as policies, frequently provide that the policy shall not take effect unless it is delivered to the insured and the first premium paid while he is in good health, and such a provision is valid and enforceable, and it is immaterial that the condition of the insured has not changed since his application was made; or that the insured was ignorant of his condition."

The rule there stated is applicable in the present case, because of the breach of the conditions of the policy, in that the insured was not in good health at the time it was delivered, and had been attended by a physician within two years prior to that time for a serious disease.

It is next contended that the defense of the respondent should fail because there is no evidence that the statements in the application for the insurance were wilfully false, fraudulent or misleading. The defense was not based upon the application, which was not attached to the policy, but upon the terms of the policy itself. Assuming, without deciding, that Rem. Comp. Stat., § 7231, which is one of the sections of the insurance code, applies to an industrial life insurance policy, such as that involved in this case, the only effect of the statute would be that the application should

not be considered a part of the policy, if not attached thereto or received in evidence as such. In *Metropolitan Life Ins. Co. v. Scott,* 134 So. (Miss.) 159, there was before the court a similar statute and a policy containing the same conditions as those involved in this case. The defense of the company there was based upon the policy and not upon the application. It was there said:

"When the company chose to ignore the statements and representations appearing in the application, and incorporated in the policy in plain terms the conditions and stipulations upon which its validity should rest, and the policy was accepted by the insured as constituting a contract, it had the right to make any defenses it might have under the terms of the policy, without reference to such application. In support of the views above expressed, we refer to the case of *Kirkpatrick v. London Guarantee & Accident Co., Ltd.,* 139 Iowa 370, 115 N. W. 1107, 19 L. R. A. (N. S.) 102, and authorities there cited, wherein the Supreme Court of Iowa had under consideration a statute which in effect, is practically the same as section 5174, Code of 1930, and in a well-reasoned opinion reached a conclusion in accord with the views above expressed."

But it is said that the respondent introduced in evidence the application in the case now before us. The application was introduced in evidence by the respondent over the objection of the appellant, and only for the limited purpose of aiding in the identification of the form of policy which had been issued to Florence Fraser. The application having been offered and received in evidence only for this limited purpose, it cannot now be said that the respondent's defense should be based thereon and not solely upon the conditions of the policy. The respondent had a right to introduce the application for the limited purpose stated, and for no other.

Finally, it is contended that the appellant is entitled to recover for the loss of the policy and the receipt books. But this contention cannot be sustained. If the appellant was not entitled to recover on the policy, the fact that it and the receipt books were lost or mislaid was no material damage to him.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.