## McREYNOLDS v WASHINGTON NATIONAL INS CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2851. Decided April 26, 1938

Charles W. Spicer, Columbus, and A. J. Savage, Columbus, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Columbus, for defendant-appellee.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff brought action against the defendant on a policy of industrial life insurance issued by the defendant on March 26, 1934, on the life of Anna Jackson, a nineteen year old girl.

Plaintiff was the uncle of the insured and paid all premiums up until the time of her death. Anna Jackson died in the Franklin County Sanitorium on February 5, 1935.

Within proper time notice was given to the company of the death of the insured, demand for payment duly made and the payment refused by the company on the ground that conditions contained in the policy had been violated in that the insured was not in sound health; had been treated by a physician for a serious

disease within two years and had suffered from a pulmonary disease.

The issues between the parties were joined through the petition of the plaintiff, second amended answer of the defendant and the plaintiff's reply.

In substance the petition alleged that on March 26, 1934, the defendant executed and delivered its policy of insurance to Anna Jackson and thereby agreed to pay William McReynolds, the beneficiary, in the event of death the sum of $352.00. That on February 5, 1935, Anna Jackson died and that up to the time of her death all premiums accruing on said policy had been paid.

Further, that all conditions of said policy had been performed; due notice and proof of death had been given to the defendant, payment of the amount due on policy demanded, which was refused by the defendant.

Defendant's second amended answer contained four separately numbered defenses.

The first defense admitted the issuing and delivery of the policy of insurance on the life of Anna Jackson, as alleged in the petition; admitted the death on February 5, 1935; admitted that all premiums accrued had been paid, and, further, that demand for payment had been presented by plaintiff and refused.

All other allegations of the petition were denied.

The second defense raises the issue that the plaintiff had no interest in the policy, but, on the other hand, under the terms of the policy only the executor or administrator of the deceased would be authorized to prosecute the action.

The third defense pled the following provisions of the policy:

"If the insured is not in sound health on the date of said policy or has within two years before said date been attended by a physician for any serious disease or complaint or before said date has had any pulmonary disease or chronic bronchitis, then the defendant may declare said policy void and that the liability of said defendant in the case of any such declaration or in the case of any claim under said policy shall be limited to the return of the premiums paid on said policy except in a case of fraud, in which case all premiums

will be forfeited to the defendant company."

The third defense contains the further averment that on the date of issuing said policy Anna Jackson was not in sound health; that within two years before said date she had been attended by a physician for a serious disease or complaint, and before said date she had a pulmonary disease, to-wit, pulmonary tuberculosis.

It is also averred that on or about March 14, 1935, defendant declared said policy void and tendered to plaintiff the sum of $9.00, that being the amount of premiums paid on said policy, which offer was rejected by plaintiff.

In the final paragraph in the third defense there is contained the averment that defendant is now and has been at all times willing and ready to return said premium and continues its tender by making deposit with the clerk of courts.

The fourth defense of defendant's answer avers that the plaintiff procured the insurance on the life of Anna Jackson and that he has no insurable interest on the life of his said niece.

Plaintiff's reply, in the first paragraph, admits the averments of the answer relative to the terms of the policy, the beneficiary, and so forth, as set out in the second defense.

In the second paragraph there is the admission of the quoted terms of the policy, as set forth in the third defense.

In the third paragraph plaintiff denies all other averments as set forth in the third defense of the answer.

The fourth paragraph of the reply seeks to meet the averments of the fourth defense through allegations that plaintiff was a relative by blood of the insured; was designated by the insured in her application and named in the policy as the beneficiary; that he had incurred expenses on behalf of the insured and for her burial and that as such beneficiary he is entitled to receive the proceeds of the policy.

The fifth paragraph is in the nature of an alternative plea and directed to the third defense in defendant's answer. This seeks to raise the issue of estoppel. In substance plaintiff alleges that if it should appear from the trial that the insured had been attended by a physician for any serious disease within two years before the date of the policy or before said date had any pulmonary disease, then in that event defendant's agent who solicited and received the application for insurance and delivered the policy to the insured, had full knowledge thereof at the time he took the application and at the time he delivered the policy, and that such agent was authorized by the defendant to solicit and receive applications for insurance and deliver policies of insurance to applicants.

The following paragraph, in further support of the claim of estoppel, alleges that at the time of the application for insurance the insurance company caused an examination to be made by a medical examiner selected by them.

The reply also contains the allegation that the application was not attached to the policy as part thereof, as required by the laws of Ohio.

Plaintiff further claims that by reason of such knowledge of the defendant's agent and said medical examination by defendant's medical examiner and defendant's failure to attach the application to the policy, said defendant has waived its right and is estopped to defend on the ground of any disease, serious or otherwise, existing or accruing prior to the date of said application and medical examination, or fraud or misrepresentation of the applicant herein in procuring said policy.

When the case came on for trial, jury was waived and the cause tried to the court.

The trial court found in favor of the defendant and dismissed plaintiff's petition.

Through the written opinion accompanying the original papers, we ascertain that the court below found the issues raised under the second and fourth defenses of defendant's answer in favor of the plaintiff, and the issue raised under the third defense in favor of the defendant.

The evidence presented in the case abundantly, and we might say conclusively, supports the averments set forth in the third defense of defendant's answer. The witnesses, both for the plaintiff and defendant, support the conclusion that at the time of the issuing of the insurance policy this girl, Anna Jackson, was not in sound health; had been treated by a physician for a serious disease within two years and had

suffered from a pulmonary disease. The undisputed evidence discloses that Miss Jackson was first found to have tuberculosis in 1931, three years before the date of the policy. She entered the Franklin County Sanitorium on April 24, 1931 and remained there until July 27, 1931. On June 28, 1932, she returned to the same tuberculosis sanitarium and remained for a period of thirteen months, until July 20, 1933. On April 17, 1934, following the issuing of the policy on March 26, 1934, she returned to the County Tuberculosis Sanitarium, and remained until the date of her death, on February 5, 1935.

Counsel for plaintiff, in their first assignment of error, complain that the trial court erred in allowing defendant, over plaintiff's objection, to offer as evidence the records of the Franklin County Sanitarium without first sufficiently showing that said sanitarium is a public institution so as to except it from the operation of the rule of privileged communication as set forth in §11494, GC.

Dr. Emerson M. Blake was called as a witness and, over the objection of counsel for plaintiff, testified that in 1933 he was assistant superintendent of the Franklin County Sanitarium. Contention is made that Dr. Blake should not have been permitted to testify by reason of the privileged communication provision of §11494, GC.

We very seriously doubt if we would follow the contention of counsel for plaintiff, but under the state of the record it is unnecessary to make any careful analysis in determination of this issue.

Other testimony, concerning which no controversy arises, conclusively discloses that Anna Jackson at the time of the issuing of the policy was not in sound health; had tuberculosis and had been treated therefor in a hospital for a long period of time.

The plaintiff called as a witness in rebuttal the mother of the insured, and in support of the issue of estoppel, presented evidence that the daughter, Anna Jackson, had tuberculosis; had been treated for it at a sanitarium for several years and she further testifies that she told the soliciting agent the detailed facts. The soliciting agent denied that he had knowledge of the insured's condition of health; the trial court in his opinion makes the statement that he finds by the weight of the

evidence that the soliciting agent had no knowledge of the condition of health of the insured. This being a factual question, it comes under the rule that in and error proceeding a reviewing court shall not disturb the findings of fact, except in those cases where the determination is so manifestly against the weight of the evidence as to shock the conscience. We find no such situation in this case. It is true that the opinion of the trial court does not take the place of findings of fact, but in the absence of any such findings we are bound to indulge every possible theory in support of the judgment.

It is our conclusion that the Supreme Court of Ohio has very definitely determined all the remaining questions in support of the judgment.

In the main it is the contention of counsel for plaintiff that the defendant insurance company is estopped to raise the issue as set forth in the third defense on two grounds:

1. That the knowledge possessed by the agent, together with the medical examination made by the company's physician, binds the company.

2. That by reason of the provisions of §§9387 and 9388, GC, the failure to furnish to the insured copy of her application prevents raising any question as to the truthfulness of statements made by the insured. This principle of law would be applicable if the Insurance Company was defending on any claim of false statements made in the insured's application. A careful examination of the pleadings will disclose that the application is not mentioned at all. The third defense of the answer sets out a provision of the policy authorizing the company to declare the policy void in the event that the insured at the time of the issuing of the policy is not in sound health; has within two years before the date thereof been attended by a physician for any serious disease or complaint; or before said date has had any pulmonary disease.

This provision of the policy is invoked through the third defense in the answer wherein it is set forth that at the time of the issuing of the policy she was not in sound health; had been treated by a physician for a serious disease within two years

and had suffered from a pulmonary disease.

The decision of the Supreme Court of Ohio, rendered May 20, 1931, is in point and determinative of this issue. We refer to the case of John Hancock Mutual Life Ins. Co. v Luzio, 123 Oh St 616. The statement in the Luzio case, supra, discloses it and the instant case to be almost identical in their facts. This will be disclosed by reading the statement as contained on pages 617 to 621, inclusive. In the cited case the jury returned a verdict in favor of the plaintiff. Judgment being entered thereon, the case was carried to the Court of Appeals, where the judgment was affirmed. In the Supreme Court the judgment was reversed. Syllabus 4 reads as follows:

"4. In the absence of statutory definition the term 'agent', employed in §9391 GC should be given its legal meaning, as being one who is acting within the scope of his authority in the business entrusted to him by his principal. One who is employed as soliciting agent, whose sole authority is to solicit insurance and to report to his principal the information which the applicant has given him, cannot, without proof of authority so to do, waive a condition in the policy providing that it shall not take effect unless the insured be alive and in sound health at the date of the policy."

Syllabus 5 reads as follows:

"5. An applicant for life insurance should exercise toward the company the same good faith which he may rightfully demand from it; the relationship demands fair dealing. If it should be proven that the insured and the soliciting agent connived for the purpose of defrauding the company, there can be no recovery."

It can serve no useful purpose to make further comparisons between the instant and the cited case. Suffice it to say that we determine that the principles as announced are determinative of the instant case and support the judgment.

The Court of Appeals of this district, in 1931, in the case of Mutual Life Insurance Co. of Baltimore v Connell, 43 Oh Ap 415. had under consideration an action somewhat similar in its facts and therein, on the authority of the Luzio case, supra, reversed the trial court and entered final judgment in favor of the plaintiff in error.

In the case of Western & Southern Life Insurance Co. v Bennett, 45 Oh Ap 498, the court discusses the effect of failure to furnish copy of application to insured.

We are also referred to an interesting case in the Ohio Law Abstract of January 15, 1933 (25 Abs 318). In this case there is also presented and discussed the question of serving a copy of application on insured. The same question had previously been cited and reported in 22 Abs 614. The later announcement reversed the first decision.

In other jurisdictions having statutes similar to ours courts of last resort are universally in line with the principle announced by our Supreme Court in the Luzio case, 123 Oh St, supra.

Kirkpatrick v Insurance Co., 139 Iowa, 370;

(115 NW 1107).

Metropolitan Life Ins. Co. v Scott, 160 Miss., 537;

(134 So. 159).

Fraser v Metropolitan Life Ins. Co., 165 Wash. 667; (5 Pac. 2d., 978).

The Supreme Court of the United States has likewise announced the same principle in the case of Washington & Fidelity National Insurance Company v Burton, 287 U. S. 97.

Finding no error prejudicial to appellant, the judgment of the trial court will be affirmed, and costs adjudged against appellant.

HORNBECK and GEIGER, JJ, concur.