FIORILLI, Plaintiff-Appellee, v. SUN LIFE INSURANCE CO. OF AMERICA, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23319. Decided January 12, 1955.

Paul Mancino, Cleveland, for plaintiff-appellee.
Arter, Hadden, Wykoff & VanDuzer, Cleveland, for defendant-appellant.

(DOYLE, J. HUNSICKER, J, of Ninth District; GRIFFITH, J, of Seventh District sitting by designation.)

## OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment rendered on a verdict returned by a jury in the Municipal Court of Cleveland Ohio.

On April 7, 1952, the appellant, Sun Life Insurance Company of America, herein called Sun Life, issued a policy of insurance on the life of John H. Fiorilli, now deceased. The premiums were regularly paid as they became due. After the death of John H. Fiorilli, his widow, the appellee herein filed the proper proofs of death and requested Sun Life to pay the $1,000 face amount of the policy. Sun Life refused to make payment, claiming that under a provision in the policy of insurance, they declared the policy to be void. They then tendered into court the premiums paid by John H. Fiorilli on said policy.

The jury returned a verdict for $1,000 for Mrs. Fiorilli, and the Sun Life then appealed to this court, saying that the trial court committed prejudicial error in the trial of the case (a) in the admission of evidence, (b) in its charge to the jury, and (c) in failing to direct a verdict in favor of Sun Life, because of the provision of the policy with reference to serious illness by the insured within a period of two years prior to the issuance of the policy.

The provision of the policy relied upon by Sun Life to declare the policy void, reads as follows:

"Policy When Voidable: If, within two years prior to the date of issue of this policy, the Insured has been rejected for life insurance by this or any other insurer, or has received institutional, hospital, medical, or surgical treatment or attention, and the Insured or any claimant under the policy fails to show that the condition occasioning such treatment or attention was not of a serious nature, or was not material to the risk, this policy shall, subject to the clause entitled 'Incontestability' be voidable by the Company either before or after any claim unless reference to such treatment or attention, or such prior rejection, is endorsed on this policy by the Company; provided, however, that this policy shall not be voidable because of absence of endorsement referring to any information which was disclosed in a written application for this policy. If this policy is voided by the Company, the Company's liability shall be limited to an amount equivalent to all premiums paid, without interest."

It is alleged in the second amended answer to the amended petition, and not denied in reply, that John H. Fiorilli, the deceased insured within two years prior to the issuance of the policy herein sued upon, had been examined by two medical doctors, and that x-rays were taken of the insured at a hospital.

No medical witness testified for either party in the case and it was admitted that John H. Fiorilli, within a period of two years prior to the issuance of this policy of insurance had: broken his foot; spent the greater part of two days having x-rays made of some portion of his body; and received a diet for a stomach ulcer from a physician. There was also testimony by his wife-beneficiary, Mrs. Fiorilli, the plaintiff below and appellee here, that the deceased adhered only partially to a rigid diet None of the statements with reference to medical or hospital care were endorsed on the policy of insurance as issued to John H. Fiorilli.

The plaintiff, Mrs. Fiorilli, and another lay witness in her behalf, testified that: the deceased worked as a carpenter each day that work was available; his previous employment was that of a punch press operator; he appeared physically well; he made no complaints of physical discomfort and moved about as a normal well individual.

Does the testimony introduced by Mrs. Fiorilli meet the burden of proof required under the "Policy When Voidable" provision set out above? Has she shown "that the condition occasioning such treatment or attention **was not of a serious nature or was not material to the risk?**" (Emphasis ours.)

The charge of the court was not as complete as it might have been, and the full force and effect of the above provision concerning a voidable policy was not set forth at length; but neither party asked for additional instructions, and hence the well-known rule with respect to omissions must be invoked by this reviewing court.

We are faced, then, with but a single question, which is: Was the evidence before the jury sufficient to establish the facts called for by the policy provision, or must medical evidence be presented?

In the cases bearing a factual relationship to the instant action; to-wit, **Davis, Admr., v. Metropolitan Life Ins. Co., 29 Abs 129,** and **McReynolds v. Washington National Ins. Co., 27 Abs 316**—there was a great deal of medical testimony introduced by the insurance company bearing on the poor physical condition and unsoundness of health of the insured, and no effort was made on the part of the claimant to assume the burden of proof on the issue called for by a similar policy provision.

Other cases, such as **Shafer v. National Life & Accident Ins. Co., 88 Oh Ap 295,** and **Gibson v. National Life and Accident Ins. Co., 92 Oh Ap 425,** have been cited as authority for the view that testimony of lay witnesses is not sufficient, but we do not view these cases as controlling herein.

We are not dealing in this case with the validity of the policy provision, or its application when no proof is presented by the claimant where it is shown that, within the time called for in the policy provision, there is medical attention or illness. We are confronted with the problem as to whether the testimony of lay witnesses is competent to establish in this case the non-serious aspect of the medical and hospital attention which John Fiorilli received within the two-year period prior to the issuance of this policy of insurance. Were these conditions which necessitated medical and hospital attention in this case "serious" as that term is used in this portion of the policy of insurance?

In the case of **Vida v. Metropolitan Life Ins. Co., 133 Oh St 563,** a physician testified as to the medical condition and lay witnesses testified that at the time in question the "insured was not sick." The court then said at page 566:

"There is thus a direct and vital conflict of evidence upon the only issue in this case (sound health) and it should be determined by the jury." (Portion in parenthesis ours.)

In **Village of Shelby v. Clagett, 46 Oh St 549,** the court said:

"1. A non-professional witness who has had opportunities to observe a sick or injured person, may give in evidence his opinion of the condition

of such person, in respect of his being weak and helpless or not, and of the degree of suffering which he endured, provided such opinion is founded on his own observation of the person to whom his evidence relates, and is limited to the time that the person was under the observation of the witness."

See, also:

Boze v. Industrial Commission 32 Abs 238; McDonald v. Great Atlantic & Pacific Tea Co., 34 Abs 380.

The evidence as to prior physical condition and the continued good health of John H. Fiorilli was properly admitted, and hence became a matter to be weighed by the jury for the purpose of determining the question as to the serious nature of the medical and hospital attention which he received within the two-year period prior to being issued the policy of insurance.

The record reveals competent, credible evidence, with reasonable inferences to be drawn therefrom, tending to support all of the essential elements of the case. The weight of the testimony and the credibility of the witnesses were questions for the trier of the facts.

We have examined all of the claimed errors and find none prejudicial to the substantial rights of the appellant.

The judgment is affirmed.

DOYLE, J, GRIFFITH, J, concur.